## ADAMS v. THE PRESIDENT, &c. OF WISCASSET BANK.

In actions by or against *quasi* corporations, as towns, parishes, &c. which have no corporate funds, each inhabitant or corporator is a party to the suit, because his private property is liable to be taken to satisfy the judgment.

But in the case of corporations, properly so called, as incorporated banking companies, &c. it is otherwise, because no property is liable to be seized except the corporate property.

Hence in an action against a banking company in which a deputy sheriff is a stockholder, the writ may be served by another deputy of the same sheriff, within *Revised Stat. ch.* 92.

THE writ in this case having been served by a deputy sheriff who was at the same time a stockholder in the Bank, the de-

fendants pleaded that fact in abatement, alleging that the deputy sheriff being a stockholder and so a party to the suit, the writ should have been served by a coroner, within the provision of *Revised Stat. ch.* 93.

*Bailey* and *Allen*, for the plaintiff.

The writ does not run against the corporators, personally, but against the corporation. It is not like a process against a town, where the goods of each inhabitant may be taken and sold; for here nothing is liable but the corporate property. The reason, therefore, why the sheriff was disabled to serve process against towns where a deputy sheriff was a party, does not exist here, and the service is good. If it is not, the evils resulting will be incalculable. No one can know who are corporators, but themselves; and they may so change their stock as to defeat every attempt to serve process upon them. And if, pending the suit, the corporation should entirely change its members, still, it is the same *party* to the record. An individual, therefore, is not a party, merely by being a corporator; and yet it is only where the sheriff is a *party* that the coroner serves the writ. Even where the inhabitants of the sheriff's own town are party to the suit, his disability to serve the process is now removed by *Revised Stat. ch.* 92.; his interest in such case being too trivial to be regarded; much less ought it to be regarded in the present case.

*R. Williams, è contra.*

Corporations are but collections of many individuals into one body. *Kyd on Corporations* 13. They are liable to be assessed for poor rates, within 43 *Eliz. ch.* 2. and are deemed occupiers, and inhabitants. *Rex v. Gardiner, Cowp.* 79. 2 *Inst.* 697. 703. cited in 5 *Cranch.* 65. That *all the members* of the corporation are *parties* to the suit, results from the act of incorporation, by which certain *individuals* therein named, and their successors, are declared a corporation; and from the law that no member can be a witness in such suit. 7 *Mass.* 398. 10 *Johns.* 95. 10 *East* 293. *in note.* 5 *D. & E.* 174. 12 *Mass.* 360. 16 *Mass.* 118. And is more clearly laid down in *Bank of U. S. v. Deveaux,* 5 *Cranch* 61. *Hawkes v. the county of Kennebec,* 7 *Mass.* 461. *Inhabitants of Lincoln Co. v. Prince,* 2 *Mass.* 544. *First*

*parish in Sutton v. Cole*, 8 *Mass.* 96. *Society v. Wheeler*, 2 *Gall.* 105. Indeed a banking corporation is a mere partnership ; and the sheriff in this case is disabled from serving the process, in the same manner, and for the same reasons, as if it were against a mercantile house in which he was a partner.

MELLEN C. J. at the succeeding term in *Cumberland* delivered the opinion of the Court, as follows.

The question presented by the plea in abatement in this case does not appear to have been decided in *Massachusetts ;* nor is there any statute provision which in express terms embraces it. It depends on the construction of the statute which relates to the service of civil processes.

The first section of *Revised Stat. ch.* 93. provides " that every " coroner within the county for which he is appointed, shall " serve all writs and precepts when the *Sheriff* or either of his " *deputies* shall be *a party* to the same ; and shall —— return ju " rors *de talibus circumstantibus* in all causes where the sheriff " of the county shall be *interested* or *related* to either party." In all other cases the sheriff or either of his deputies may make legal service of processes within his county. In the case of *Brewer v. New-Gloucester*, 14 *Mass.* 216. it is decided that *each inhabitant of a town* is to be considered as *a party* to the suit, when such town sues or is sued, within the meaning of the last mentioned section, which is a transcript of a similar law now in force in *Massachusetts.* It is contended by the counsel for the defendants that a stockholder in a *banking institution* sustains the same character in respect to the corporation, as an inhabitant of a town does to the corporation of which he is a member ; and that therefore each stockholder is as much a party in a suit against the bank, as each inhabitant of a town is in a suit against such town. If this position be correct, the plea in abatement is good, and the writ must be abated.

In the case of *Riddle v. The proprietors of locks, &c. on Merrimack river*, 7 *Mass.* 169. *Parsons* C. J. says, " We distinguish " between proper aggregate corporations, and the inhabitants of " any district, who are by statute incorporated with particular " powers by their consent. These, in the books, are sometimes " called *quasi* corporations. Of this description are counties

" and hundreds in *England,* and counties, towns, &c. in this " State." No private action, unless given by statute, lies against *quasi* corporations, for a breach of corporate duty. 2 *D. & E.* 667. Having no corporate fund, each inhabitant would be liable to satisfy the judgment. The common law does not impose this burthen; though a statute may. In regular corporations, having a corporate fund, this reason does not exist. But an action at common law lies against a turnpike corporation by any person specially injured by neglect to repair the road. 7 *Mass.* 188. and *Cowp.* 86. *there cited.* If an owner of land have sustained damage by the laying out of a turnpike road, the corporation, and not the corporators, are answerable for such damage. 5 *Mass.* 520. It is well known that all judgments against *quasi* corporations may be satisfied out of the property of any individual inhabitant; but an execution against a banking company incorporated, or any other proper aggregate corporation cannot be satisfied except out of the corporate fund; neither the person nor the private property of a stockholder or corporator can be taken. The question before us must therefore be settled upon this comparison of the powers, duties, and liabilities of corporations *properly so called,* with those of *quasi* corporations.

In the case of *Brewer v. New-Gloucester,* before cited, the Court assign as the reason of their opinion, that when judgment is recovered against a *town,* the execution *may be levied on the property of any inhabitant,* and so each inhabitant must be considered as *a party.* It would seem to follow from this very decision, that if a banking corporation had been defendant in that action, instead of *New-Gloucester,* and *Nevens* the deputy sheriff had been a stockholder, the writ would not have been abated; because, not being liable to have his property seized on execution, he was not *a party* within the meaning of the statute. Suppose the *Wiscasset* bank should sue one of the stockholders;— in such case the corporation would be one party, and the stockholder the other; and for the reasons before given, if he be a deputy sheriff, the writ must be served by a coroner. Such stockholder would be a party, in the fullest sense of the term; because the execution which would issue on the judgment against him, would run against his person and his property.

Adams *v.* Wiscasset Bank.

The argument arising from inconvenience is very strong against this plea. Shares are continually changing owners; and a corporation of this kind, if disposed to be evasive, might by frequent and secret transfers, abate every process commenced against them.

We do not consider the cases cited from *Cranch* and *Gallison* as applicable to the question under consideration. In the former case of *Bank of the U. S. v. Deveaux* the Supreme Court sustained the action by admitting the plaintiffs to aver that they, the President, Directors and Company, were citizens of *Pennsylvania*, and the defendants citizens of *Georgia.* It was a mere question of jurisdiction; and for the purpose of jurisdiction the *individual character* of the stockholders was averred, to give it. In the latter case, of *Society v. Wheeler, Story J.* in remarking upon the case of *Bank v. Deveaux*, says, " If the Court for this " purpose will ascertain who the corporators are, it seems to " follow that the character of the corporators may be averred, " not only to *sustain*, but to *bar* an action brought in the name " of a corporation. It might therefore have been pleaded in " this case, even if the corporation had been established in a " *neutral* country, that all the members were alien enemies." But neither of these cases has a tendency to shew who is *a party* to a suit within the meaning of our statute, and for the purpose of due service of legal process. And accordingly, notwithstanding the research and talent displayed in support of the plea, we are of opinion that it is bad and insufficient.

*Respondeat ouster* awarded.

*Note. Weston J.* being interested in the cause, gave no opinion.