## H. BARNHART *v.* A. S. FULKERTH ET AL.

CHANGE OF PLACE OF TRIAL—DISQUALIFICATION OF JUDGE—ACTION AGAINST A PUBLIC OFFICER.

APPEAL from an order refusing to grant a change of the place of trial from the Superior Court of Stanislaus County to the Superior Court of San Joaquin County. HEWELL, J.

The action was against the defendant F., as Sheriff, and another, for the conversion of chattels levied upon under attachment, and the plaintiff moved for a change of venue to the Superior Court of San Joaquin, the nearest county.

*Terry, McKinne & Terry,* for Appellant, cited Code Civ. Proc., § 170; id., § 398; *People* v. *De Guerra,* 24 Cal. 73; *Estate of White,* 37 id. 190.

*W. E. Turner,* for Respondents.

At the time the motion was made, and the ruling of the Court, to wit, March 5th, 1880, the code did not provide for any change from one Superior Court to another, it was not until March 3d, 1881, that the section was amended to apply to Superior Courts. (Stats. of 1881, p. 23.) Even if it had been so, we submit the two sections must be construed together, that is, sections 393 and 398. Section 8, article vi, of the new Constitution, provides that a Judge of any Superior Court may hold a Superior Court in any county at the request of a Judge of the Superior Court thereof, and upon the request of the Governor it shall be his duty so to do. Under the old Constitution there was no provision for providing for another District Judge, in case of disqualification, except at the request of the Judge so disqualified.

The COURT:

The Judge of the Superior Court having been attorney and of counsel in the proceeding (Code Civ. Proc. § 170), should have granted the motion to change the place of trial. (Code

Civ. Proc. § 398.)   Such was the law when the motion was made.   (Const., art. xxii, §§ 1, 12.)

Order reversed, and Court below directed to order the cause to be transferred for trial to the appropriate Superior Court.