[No. 7,132—Department Two.]
July 29, 1882.

## TIMOTHY PAIGE *v.* PATRICK CARROLL ET AL.

CHANGE OF PLACE OF TRIAL—DISQUALIFICATION OF JUDGE.—In an action commenced in S. County a motion was made to transfer the case to M. County, on the ground that the defendants were all residents of the latter county, and was resisted on the ground that the judge thereof was disqualified. *Held:* The motion was properly granted.

ID.—ID.—The Judge actually holding the Court is "the Judge thereof," within the meaning of § 398 C. C. P., and would not be justified in changing the place of trial because the Judge of the Superior Court of the county is disqualified.

APPEAL from an order in the Superior Court of the City and County of San Francisco and from an order denying the motion to change the place of trial in the Superior Court of Merced County. CORCORAN, J.

*Edward J. Pringle,* for Appellant.

The disqualification of the judge was good ground for denying the motion to change the venue from San Francisco, and for granting the motion to remove from Merced. (*Houck. v. Lasher,* 17 How. Pr. 522; *Loehr* v. *Latham,* 15 Cal. 418; *Edwards* v. *S. P. R. R.,* 48 id. 461; *Hall* v. *C. P. R. R.,* 49 id. 454.)

*P. D. Wiggington,* for Respondents.

The COURT:

This is an appeal from two orders, (1) from an order changing the place of trial from the City and County of San Fran-

cisco to Merced County; (2) from an order denying a motion to change the place of trial from said Merced County to Fresno County.

The ground upon which the first motion was granted was that all the defendants were residents of Merced County. As the fact is not controverted it undoubtedly constituted a sufficient ground for changing the place of trial.

The motion to change the place of trial from Merced to Fresno County was based upon the ground that the Judge of the former county was disqualified to sit in the case. But it is not claimed that the Judge who was holding the Court when the application to have the place of trial changed was not qualified to try the case, and it does not appear that he was not ready and willing to try it. And we think that he, while holding the Court, was "the Judge thereof" within the meaning of Section 398, C. C. P., which we are bound to construe liberally " with a view to effect its objects and to promote justice." (C. C. P., Section 4.) The provision upon which the appellant relies was intended to secure to litigants a trial before a Judge who was not disqualified from acting as such, and nothing more.

We think the language of the law is in harmony with its spirit, and that the Judge who was holding the Court would not have been justified in changing the place of trial because the Superior Judge of the county who was not holding the Court was disqualified to try this case.

Orders appealed from affirmed.