[No. 7,777.—Department One.]
July 29, 1882.

## CHARLES HOLBROOK v. HARRIET McCARTHY.

AGENT—VENDOR AND VENDEE—SPECIFIC PERFORMANCE.—Action for specific performance of an agreement to convey real estate made by the defendant's agent. The agent was authorized to sell for seventy-two thousand one hundred and seventy-five dollars and was to receive two and a half per cent. commission if the sale was made. He sold to the plaintiff for the sum of seventy-two thousand dollars agreeing that the defendant should pay the taxes upon the land for the year 1879–80. The complaint al-

leged a failure of title as to a portion of the premises and prayed for a corresponding abatement from the original purchase price and for a specific performance. The defendant pleaded among other things that she was wholly unacquainted with business transactions and by mistake authorized a sale for the portion of the land for which she had no title; that the compensation for the alleged contract was inadequate; that the contract itself was unfair, unjust and inequitable; and that the agent in making it did not pursue the authority conferred upon him. Upon the trial findings of fact being waived, the Court found generally for the defendant.

*Held:* The finding covered all the issues and being founded upon conflicting evidence can not be disturbed.

ID.—ID.—Besides the documentary evidence of the transaction shows that the agent did not act within the scope of his authority. He was employed to sell for a specific sum, and was not employed to pay taxes upon the land nor to contract for their payment. The agreement to sell for a sum less than that nominated in his authority, and to pay taxes was therefore of no binding force upon his principal.

APPEAL from a judgment for the defendant in the Superior Court of the City and County of San Francisco (CARY, J.), and from an order denying a new trial in said Superior Court of the City and County of San Francisco. HAYNE, J.

A petition for hearing in bank was filed in this case after judgment and denied.

*McAllister & Bergin,* for Appellant.

Substantial compliance with the authority is all that the law requires in execution of the power. (*McNeil* v. *Shirley,* 33 Cal. 207; *Simonds* v. *Clapp,* 16 N. H. 222; *Taylor* v. *Harlow,* 11 Barb. 236; *Le Roy* v. *Beard,* 8 How. (U. S.) 468; *Williams* v. *Woodward,* 2 Wend. 492; *Andrews* v. *Kneeland,* 6 Cow. 358; *Johnston* v. *Kershaw,* L. R., (2 Exch.) 84; *Lathrop* v. *Harlow,* 23 Mo. 213: *Gordon* v. *Buchanan,* 5 Yerg. 79; *McDermid* v. *Cotton,* 2 Bradw. 297; Story on Agency, §§ 165, 170, 172.)

While it is true that specific performance is in a sense discretionary, it is not true that the right to specific performance may be capriciously denied. (*Bowen* v. *The Irish Presbyterian Congregation of the City of New York,* 6 Bosw. 268; *Westervelt* v. *Matheson,* 1 Hoff. Ch. 36; Pomeroy on Specific Performance, §§ 10, 35, 45; *Willard* v. *Tayloe,* 8 Wall. (U. S.) 565.)

A purchaser has the right to a specific performance, with

an abatement for any defeat of title or incumbrance. (*Bell* v. *Thompson*, 34 Ala. 636; Burk's Appeal, 75 Pa. St. 146; *Longworth* v. *Mitchell*, 26 Ohio St. 344; *Waters* v. *Travis*, 9 Johns. 462; *Gibert* v. *Peteler*, 38 Barb. 518; *Jerome* v. *Scudder*, 2 Rob. N. Y. 174.)

*F. G. Newlands*, for Respondent.

Magee did not pursue his authority. (C. C. § 1741; also *Swain* v. *Seamens*, 9 Wall. 271; Browne on Statute of Frauds, § 376; *Preston* v. *Merceau*, 2 W. Bl. 1249; Pomeroy on Contracts, § 78.)

"In a suit for specific performance it must be affirmatively shown that the contract is fair and just, and that it would not be inequitable to enforce it. The Court will not lend its aid to enforce a contract which is in any respect unfair or savors of oppression; but in such case will leave the party to his remedy at law." (*Agard* v. *Valencia*, 39 Cal. 292; *Bruck* v. *Tucker*, 42 id. 353; *Clitheral* v. *Ogilvie*, 1 Desau. Eq. 250; *Clement* v. *Reid*, 9 Smed. & M. (Miss.) 535.)

Equity will not enforce a contract entered into by mistake. (*Howell* v. *George*, 1 Madd. 1; *Post* v. *Leet*, 8 Paige, 336; *Earl of Durham* v. *Legard*, 34 L. J., Pt. I., (N. S.), 589.) Power to decree compensation is discretionary. It will be denied when it will produce hardship or injustice to either party. (*Peeler* v. *Levy*, 26 N. J. (Eq.) 380; *Franz* v. *Orton*, 75 Ill. 100; Pomeroy on Con. § 448.)

McKEE, J.:

This was an action to compel specific performance of an agreement to convey certain real estate. The agreement was made by an agent of the defendant acting under the following authority:

"SAN FRANCISCO, 6th Oct., 1879.

"I authorize Thomas Magee, exclusively, to sell the following property for me, for $72,175, in gold coin, for 30 days from date; lot south-east side of Market street, 91 8-12 feet; north-east of north-east line of Fremont street; thence north-east along south-east side of Market street 91 8-12 feet front, by uniform depth south-east of 137.6, together with right of

way over alley leading from Fremont street to rear of said land. I will pay 2½. per cent. commission if a sale is made, and nothing if a sale is not made.

"HARRIET McCARTHY."

On the day of the date of this memorandum plaintiff proposed to the agent to buy the property for seventy-two thousand dollars, if the defendant would pay the taxes upon it for the year 1879–80, and give thirty days for the examination of title. The agent accepted the proposal, received from the plaintiff five hundred dollars, on deposit, as security that the plaintiff would complete the sale, and executed and delivered to the plaintiff a memorandum in writing of the terms of the agreement. The memorandum was signed in the name of the defendant by the agent; and it contained a stipulation to the effect that if the plaintiff upon examination of the abstract of title, was satisfied with the title and did not close the sale within the time agreed upon, the deposit would be forfeited, and, if found to be defective, the money would be returned.

Upon examination the title to the property was discovered to be defective. There was an outstanding reversionary interest to part of the property which defendant had not acquired, the value of which the plaintiff estimated at three thousand dollars; and the defendant had no right or title to the alley-way, connected with the property, which the plaintiff alleges was worth five thousand dollars. The entire property was also incumbered by a mortgage for ten thousand dollars; several actions pending against it in the Superior Courts of the city and county of San Francisco; tax certificates for the sale of delinquent taxes, and existing assessment liens. On account of these defects and incumbrances he asks an abatement from the original purchase price and for a specific performance of the agreement.

Mostly all the allegations of the complaint are specifically denied by the answer, and the defendant by way of confession and avoidance shows that she obtained the property in dispute by a degree of divorce from her husband; that she is wholly unacquainted with business transactions; and, by mistake authorized a sale of the alley-way; that the compensation

for the alleged contract was inadequate; that the contract itself is unfair, unjust and inequitable; and that the agent in making it did not pursue the authority conferred upon him. Upon the trial of the issues findings of fact were waived. The Court "on the whole case" found for the defendant; dismissed the plaintiff's complaint, and gave judgment for defendant. The general verdict covered all the issues, and, being founded upon conflicting evidence as to almost all the issues, it can not be disturbed.

Besides, the documentary evidence of the transaction shows that the agent did not act within the scope of his authority. He was authorized to sell for seventy-two thousand one hundred and seventy-five dollars, but he sold for seventy-two thousand dollars and bound his principal to pay out of that the taxes upon the property for the year 1879–80, amounting to one thousand one hundred and fifty-two dollars and thirty-five cents. Such a sale was unauthorized. It is true that the property was bound for the taxes imposed upon it, but their payment was a duty of the owner with which the agent had nothing to do. The property itself he was employed to sell for a specific sum; he was not employed to pay taxes upon it, nor to contract for their payment, and any agreement to sell for a sum less than that nominated in his authority, and to pay taxes, was of no binding force upon his principal, unless she, with a perfect knowledge of the material facts in connection with the transaction, consented to it and ratified it. But the Court found there was no ratification, and the finding is fully sustained by the evidence: the agreement by the agent was, therefore, not valid and binding upon the defendant. "If a man," says Lord Coke, "do less than the command or authority committed to him then (the commandment or authority not being pursued) the act is void." (Bac. Abr., 523.)

Judgment and order affirmed.

McKINSTRY, J., and MORRISON, C. J., concurred.