[No. 13313.   Department Two. — March 14, 1890.]

JOHN D. STEPHENS, APPELLANT, *v.* W. H. SOULE
ET AL., RESPONDENTS.

BROKER — AUTHORITY OF — CONTRACT BY — "NET PRICE." — A broker who
is authorized to contract for the sale of land at a "net" price per acre
must obtain the required price per acre and sufficient to cover whatever
expenses are included by the word "net."

APPEAL from a judgment of the Superior Court of
Yolo County.

The facts are stated in the opinion.

*J. C. Ball,* and *Craig & Harding,* for Appellant.

*Thomas & Hurst,* and *Baker & Grant,* for Respondents.

HAYNE, C. — This was a suit for specific perform-
ance. The trial court gave judgment for the defendants
upon demurrer to the sixth amended complaint, and the
plaintiff appeals.

Instead of alleging the ultimate fact that the contract
relied upon was made by the owner, the complaint al-
leges secondary facts tending to show it. It is alleged
that the property was the community property of the
defendants W. H. Soule and Mary Soule; that W. H.
Soule gave written authority to a certain firm of real
estate brokers to sell it for the "*net* price of not less than
$45 per acre, if sold without the crop then growing
thereon, and at a *net* price of not less than $47.50 per
acre if sold with the crops then growing thereon"; that
said brokers had authority to agree upon the other
conditions of sale, "subject to the limitations above
stated." The agents being limited as to price, it is plain
that, in order to show that the contract made by them
was within their authority, the complaint must show
that the sale was for not less than the required price.
(*Holbrook* v. *McCarthy,* 61 Cal. 216.) But the complaint
did not show this. The allegation is, that the agents

"bargained and sold the said land, and the whole thereof, to this plaintiff for the sum of twenty-nine thousand one hundred dollars." This does not show that the contract was within the agents' authority. What was the price per acre? Was such price, whatever it was, the "net" price? Was the land sold with or without the growing crops?

We have tried to figure out what was the price per acre by comparing the lump sum above mentioned with the number of acres. It is doubtful, however, what the number of acres was. The complaint first gives the general boundaries of a tract owned by W. H. Soule, "containing about six hundred acres of land," and then proceeds to give a specific description of this tract by courses and distances. Then follows a specific description of "that certain other parcel of land adjoining the above," " containing 234 acres more or less."

It is a matter of some uncertainty whether this piece of 234 acres "more or less" is a part of the piece of " about" 600 acres first described. Assuming, however, that it is, and that this was what was sold to the plaintiff, we might perhaps arrive at the fact that the price per acre was $47.50. Was this with or without the growing crop? If it was without the crop, there would be a margin to cover the brokers' commission and other expenses of sale; though we are left to guess at the amount of these. But if it was with the crop, there would be no such margin. We are therefore unable to ascertain from the complaint that the contract made by the brokers was within their authority. Whatever the word "net" may mean, it was incumbent upon the pleader to show that the condition imposed by it was fulfilled.

There are other objections to the complaint, but it is unnecessary to consider them.

We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.