[No. 14591.   Department One. — March 26, 1892.]

## THOMAS UPTON, APPELLANT, v. ALBERT E. UPTON, RESPONDENT.

CHANGE OF PLACE OF TRIAL — DISQUALIFICATION OF JUDGE — QUALIFIED JUDGE CALLED TO ACT. — Though it is the duty of a superior judge who is disqualified to try an action for any cause to grant a motion to change the place of trial if he entertains the motion in the absence of any other superior judge who is qualified to act, yet if the superior judge who is holding the court at the time the motion is heard, and who calls it for hearing, is qualified to try the case, and is ready and willing to try it, having been called in for that purpose by the judge who is disqualified, the motion should be denied.

APPEAL from an order of the Superior Court of Merced County denying a motion to change the place of trial.

The facts are stated in the opinion of the court.

*R. E. Houghton,* for Appellant.

A judge who is disqualified from trying a case must, when a motion is made to change the place of trial in such case on the ground of such disqualification, act on such motion. He cannot by non-action defeat the statutory right the party has to have the change made, nor can he, by indirection, to wit, by calling in another judge for the express purpose of disposing of such motion, deprive the moving party of the absolute right he has to have his case transferred to and tried in another court. (*Kansas Pac. R. R. Co.* v. *Reynolds,* 8 Kan. 623; *Graham* v. *People,* 111 Ill. 253; *Com. Sumner Co.* v. *Wellington,* 39 Kan. 137; *Watts* v. *White,* 13 Cal. 321; *O'Neil* v. *O'Neil,* 54 Cal. 188; *Com. Ins. Co.* v. *Mehlman,* 48 Ill. 318; *Freleigh* v. *State,* 8 Mo. 611; *Hegwer* v. *Kiff,* 31 Kan. 636; *Allerton* v. *Eldridge,* 56 Iowa, 709; *State* v. *Thomas,* 32 Mo. App. 159; *Ah Fong* v. *Sternes,* 79 Cal. 33; *O'Connell* v. *Gavett,* 7 Col. 40; *Miller* v. *Laraway,* 31 Iowa, 538; *Knickerbocker Ins. Co.* v. *Tolman,* 80 Ill. 106; *State* v. *Shaw,* 43 Ohio St. 324; *Witler* v. *Taylor,* 7 Ind. 110; *Clark* v. *People,* 1 Scam. 120; *Clarke* v. *Lyon Co.,* 8 Nev. 186;

*Williams* v. *Keller*, 6 Nev. 144; *North Bloomfield G. M. Co.* v. *Keyser*, 58 Cal. 315; *Finn* v. *Spagnoli*, 67 Cal. 330; *Barnhart* v. *Fulkerth*, 59 Cal. 130; *Livermore* v. *Brundage*, 64 Cal. 299; Code Civ. Proc., secs. 170, 398.)

*T. C. Law*, for Respondent.

PATERSON, J. — This is an appeal from an order denying plaintiff's motion to change the place of trial.

The motion was made on the ground that Hon. J. K. Law, judge of the superior court of Merced County, was disqualified by reason of having acted as attorney for defendant prior to the time of his election. The notice of motion fixed Saturday, the seventh day of March, 1891, at ten, A. M., as the time for hearing the motion. On that day and at that hour, Hon. Joseph H. Budd, judge of the superior court of San Joaquin County, at the request of Judge Law, held a session of the superior court of Merced County, and called the motion referred to for hearing and determination; whereupon the plaintiff insisted that Judge Law should hear the motion, because it was his duty to hear it, and he had no authority to call in another judge to pass upon the motion, and thereby deprive the plaintiff of his right to have the case transferred to an adjoining county. The request was denied, and an order was made by Judge Budd denying the motion to change the place of trial, to which ruling the plaintiff excepted. In passing upon the motion, the judge stated that he was ready and willing to try the case at that or any other time for which it might be set for trial.

Appellant relies upon sections 170 and 398 of the Code of Civil Procedure. "No justice, judge, or justice of the peace shall sit or act as such in any action or proceeding . . . . when he has been attorney or counsel for either party in the action or proceeding. But the provisions of this section shall not apply to the arrangement of the calendar, or the regulation of the order of

business, nor to the power of transferring the action or proceeding to some other court." (Code Civ. Proc., sec. 170.) "If an action or proceeding is commenced or pending in a court, and the judge or justice thereof is disqualified from acting as such, or if, from any cause, the court orders the place of trial to be changed, it must be transferred for trial to a court the parties may agree upon, by stipulation in writing, or made in open court and entered in the minutes; or, if they do not so agree, then to the nearest court where the like objection or cause for making the order does not exist, as follows: 1. If in the superior court, to another superior court. . . . ." (Code Civ. Proc., sec. 398.)

It is undoubtedly true that if the motion had been entertained by Judge Law, and there had been no other judge present qualified to hear the motion, it would have been his duty to grant it. (*Barnhart* v. *Fulkerth*, 59 Cal. 130; *Livermore* v. *Brundage*, 64 Cal. 299; *Finn* v. *Spagnoli*, 67 Cal. 330.) But it has been held here that if the judge who is holding court at the time the motion is heard is qualified to try the case, and ready and willing to try it, the motion should be denied, the court saying that "the provision upon which the appellant relies was intended to secure to litigants a trial before a judge who is not disqualified from acting as such, and nothing more. (*Paige* v. *Carroll*, 61 Cal. 216.)

We cannot, without overruling that case, sustain the appellant's contention, but we see no reason for departing from the rule there laid down. It seems to be sanctioned by the provisions of the constitution, which are broad enough to authorize a judge of one superior court to call in a judge of another superior court to hear and determine any matter. "A judge of any superior court may hold a superior court in any county, at the request of a judge of the superior court thereof, and upon the request of the governor it shall be his duty so to do."

In view of this constitutional provision, and the construction placed upon these sections by our own court,

we deem it unnecessary to consider the cases cited from other states by appellant.

Order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.