## MADS C. MONSON AND JOHN L. BEVERIDGE,

### v.

## MARTIN JACQUES.

### SAME

### v.

## ANTON KILL.

*Agency—Sale of Real Estate—Cloud—Bill to Remove.*

1.   Where the authority of an agent is special it must be strictly pursued.

2.   Where a real estate broker is empowered to sell property at a certain price, so much cash down, but gives a purchaser time in which to make the first payment, it amounts to a sale at a less price, the use of the money for such time being lost.

3.   A bill brought to remove a cloud upon the title to real estate should state whether the lands were " improved or occupied, or unimproved or unoccupied." Such objection may be waived.

[Opinion filed May 2, 1892.]

APPEALS from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. CONSIDER H. WILLETT, for appellants.

Messrs. RUBENS & MOTT, for appellees.

GARY, J.  These two cases are so much alike that the counsel of the appellants has not only in his abstract, but in the original certificate of evidence, in the second case, so mixed what belongs to the first with the second, that the latter is not, by itself, intelligible.   On the whole, however, the facts in both are certain.

The appellees respectively filed bills to remove clouds upon the titles of their little farms.   The bills in both cases

are defective in not stating whether the lands were "improved or occupied, or unimproved or unoccupied." Sec. 50, Chap. 22, R. S. But that defect was waived, as in Gage v. Schmidt, 104 Ill. 106.

Each appellee had given to Monson authority to sell within six months from fixed dates, for fixed prices net, the first payment in the first case to be one-third, and in the second one-half cash, and in each case Monson had made a contract to sell nominally for the price fixed, but giving the purchaser ninety days after the title had "been examined and found good," within which to make the first payment. That was a departure from the authority given to Monson. It is not the same thing to the principal whether he shall have several thousand dollars at once, or three months hence without interest. The authority being special must be strictly pursued. Lumpkin v. Wilson, 5 Heiskell, 555; Meechem on Agency, Sec. 325.

In effect the sale was for a less price, by loss of the use of the money, than was authorized. Holbrook v. McCarty, 61 Cal. 216; Bush v. Cole, 28 N. Y. 261.

The decree setting aside the contracts which had been recorded as clouds, are right and are affirmed.

The complaint made because the decrees were entered *nunc pro tunc*, thereby, it is said, restricting the time in which to perfect an appeal, need not be considered. The appeals were perfected, and nothing could now be done to correct the irregularity, if there be any.

*Judgment affirmed.*

Judge Shepard takes no part in these cases.