[Civ. No. 578. Second Appellate District.—October 12, 1908.]

GERTRUDE E. STEWART, Petitioner, v. E. S. TOR-
RANCE, Judge of Superior Court for County of San
Diego, Respondent.

MANDAMUS—SETTLEMENT OF BILL OF EXCEPTIONS—APPEAL IN DIVORCE
CASE—EQUITY—EXCLUSIVE JURISDICTION OF SUPREME COURT.—The
supreme court has exclusive jurisdiction of an appeal in a divorce
case, which is a case in equity, and the district court of appeal
has no jurisdiction in *mandamus* to compel a judge of the superior
court to settle a bill of exceptions to be used upon appeal in a
divorce case.

ID.—APPEAL TAKEN TO THIS COURT—TRANSFER OF CAUSE.—The fact
that the appeal was taken to this court in a divorce case cannot
confer jurisdiction upon this court to compel the settlement of a
bill of exceptions therein, to be used in the supreme court upon
appeal, which is the province of the supreme court, and if the ap-
peal comes to this court, it will be its duty to transfer the cause
to the supreme court, and no other authority is conferred upon this
court in such a case.

PETITION for *mandamus* to compel the judge of the
Superior Court of San Diego County to settle a bill of excep-
tions. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Petitioner.

Wadham & Pritchard, for Respondent.

THE COURT.—*Mandamus* to compel settlement of a bill of
exceptions.

Petitioner filed an action for a divorce in the superior court
for San Diego county, against Elmore Stewart, who answered
the complaint and filed a cross-complaint for divorce against
petitioner. Respondent, as judge of said court, tried the
cause, and on June 4, 1908, rendered judgment in favor of
the defendant on his cross-complaint. Notice of decision was
served June 5, 1908, and on June 13, 1908, petitioner gave no-
tice of her intention to move for a new trial. An order ex-
tending time was made by respondent at the request of peti-

tioner's attorney on June 15, 1908, wherein it was recited that good cause had been shown to the court why "time should be granted to plaintiff and cross-defendant, in which to file her bill of exceptions in the above-entitled action, in support of her appeal to the district court of appeal of the state of California, second district," and ordered "that the time . . . in which to prepare, serve and file her proposed bill of exceptions in the above-entitled action, in support of her appeal to the District Court of Appeal of the State of California, Second District, be and the same is hereby extended up to and including the 20th day of July, 1908," etc.

On the date last mentioned petitioner served on attorneys for defendant and delivered to the clerk of the court for respondent a copy of her proposed bill of exceptions. On July 30, 1908, defendant served upon petitioner's attorney his objections and amendments to the proposed bill, and within ten days thereafter the proposed bill, objections and amendments were left with respondent, as judge of said court, and by said judge regularly set for hearing on September 15, 1908. At the hearing defendant objected to the settlement of said bill on the ground that it had not been prepared, served or filed within the time allowed by law, which objection was sustained by respondent, who refused to settle the bill for that reason.

On petition to this court an alternative writ was issued and a return thereto made to this court. The matter was presented orally by attorneys for the respective parties and heard upon its merits, and now only awaits the filing of briefs to be regularly submitted. We are of opinion, upon an examination of the record, that the writ was inadvertently issued and that this court is without jurisdiction to determine the matters presented by the application.

By the provisions of section 4 of article VI of the constitution, which defines the powers of the supreme and appellate courts, the supreme court has appellate jurisdiction in all cases in equity, except such as arise in justices' courts. This includes actions for divorce, as they are proceedings in equity. (*Sharon* v. *Sharon*, 67 Cal. 185, [7 Pac. 456, 635, 8 Pac. 709]; *Harron* v. *Harron*, 123 Cal. 508, [56 Pac. 334].) The petition and the order extending time, upon which petitioner bases her right to have her bill of exceptions settled, both recite that an appeal to this court was under consideration. While the power of transfer given to this court in relation to

cases which should have been appealed to the supreme court authorizes us to certify the record in a divorce case to the supreme court, no authority is conferred upon this court to do anything else in connection with such a case.

The writ of *mandamus* has two uses: one to acquire original jurisdiction, and the other as an aid in the exercise of appellate jurisdiction. (*Marbury* v. *Madison*, 1 Cranch, 137-180; *Hyatt* v. *Allen*, 54 Cal. 353.) Its use as here invoked is of the latter class, and the power of the appellate court is asked to be exercised for the purpose of compelling the settlement of a bill of exceptions on the ground that it may ultimately be used as a basis for presenting the merits of a case upon an appeal to the supreme court. (*Douglas* v. *Southern Pac. Co.*, 151 Cal. 242, 246, [90 Pac. 538].)

To grant the petition or to assume to determine the rights of the parties before the court would be, in effect, to review the action of the trial judge for the purpose of determining whether or not he correctly construed the order extending time to prepare and serve the bill. The preparation of the record and the settlement of bills of exception are primarily for the trial court, and subject to review only by the court to which an appeal lies. The objection that the bill was not presented in time often depends upon a question of fact, in which event the finding of the trial court, like other findings of fact, presents a question for review on the appeal, and not for collateral consideration. (*Moultrie* v. *Tarpio*, 147 Cal. 376, [81 Pac. 1112]; *Dernham* v. *Bagley*, 151 Cal. 216, [90 Pac. 543].) For this court to issue a writ having for its object the compulsory making up of a record by a superior judge on an appeal to the supreme court would be to review a matter not within our jurisdiction, and to invade the province of the supreme court.

For this reason, it is ordered that the alternative writ be dismissed and the petition denied.