[Civ. No. 1262.    Third Appellate District.—May 7, 1914.]

In the Matter of Application of MATTIE E. DAVIDSON for a Writ of Mandamus against EUGENE D. GRAHAM, Clerk of the Superior Court of San Joaquin County.

DISTRICT COURT OF APPEAL—JURISDICTION IN MANDAMUS TO COMPEL CLERK OF SUPERIOR COURT TO ENTER DEFAULT.—The district court of appeal has no jurisdiction of a proceeding in form a petition for a writ of mandate to compel the clerk of a superior court to enter the default of the defendant in a civil action to recover the sum of twenty-five hundred dollars, for failure to answer within the time required by law, when the effect of the application is to call for a review of an order of the trial court, made after the refusal of the clerk to enter the default, denying the plaintiff's motion to direct the entry of judgment in his favor.

APPLICATION for Writ of Mandate to be directed to the Clerk of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

Webster, Webster & Blewett, for Petitioner.

A. H. Carpenter, and Walter F. Lynch, for Respondent.

THE COURT.—An action was brought in the above entitled court by petitioner against Samuel Hinckley and A. T. Karry to recover the sum of twenty-five hundred dollars. Plaintiff claimed that Karry was in default for failure to answer and made demand that the clerk of the court enter said default, which he refused. Thereupon plaintiff moved the court to direct judgment to be entered in her favor on the ground that said defendant had not answered to the complaint of plaintiff within the time allowed by law. According to an allegation of the petition herein it appears: "That thereafter, to wit, on the 19th day of January, 1914, said above entitled motion coming on regularly for hearing upon the entire record including said demand for default the same was by the court denied."

The proceeding here is in form a petition for a writ of mandate to compel the said clerk to enter the default of said

defendant, but the effect of the application is to call for a review of the said order of the superior court. As, admittedly, we have no direct appellate jurisdiction of said cause pending in said court (Cal. Const., art. VI, sec. 4), we think the same incapacity attends the consideration of the application and that the principle is the same as that involved in *Richey Land etc. Co.* v. *Glader,* 6 Cal. App. 114, [91 Pac. 414], and *Stewart* v. *Torrance,* 9 Cal. App. 209, [98 Pac. 396].

The cause is therefore transferred to the supreme court.*

————

*After the papers in this proceeding had been transferred to the clerk of the supreme court, that court held that the district court of appeal had jurisdiction of the proceeding and directed a return of the papers and that the district court of appeal should proceed to a decision of the cause. The opinion of the supreme court is reported in 167 Cal. 727. The decision of the district court of appeal disposing of the application was rendered on September 21, 1914.