[L. A. No. 6096.   In Bank.—September 24, 1919.]

O. J. M. FAVORITE et al., Petitioners, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY, etc., et al., Respondents.

[1] PROHIBITION—ORDER CHANGING PLACE OF TRIAL OF CIVIL ACTION—SUBMISSION OF CAUSE ON DEMURRER—FACTS ADMITTED.—Where an application for a writ of prohibition to prevent a judge of the superior court from making any order in a civil action except an order changing the place of trial to the nearest or most accessible superior

court, the judge of which is not disqualified from acting, is submitted on a demurrer to the petition, the existence of the alleged facts are admitted, but other facts, though pertinent to the prayer of the petition, cannot be considered.

[2] ID.—DISQUALIFICATION OF JUDGE—OWNERSHIP OF STOCK—PETITION—ABSENCE OF ALLEGATION.—A petition for a writ of prohibition to restrain the judge of a superior court from acting in a civil action in which a corporation is a party fails to show the existence of any direct liability of the judge as a former stockholder, where it is not alleged in the petition that he ever owned any stock, but merely recited that he had stated that he had disposed of all his stock to his wife.

[3] ID.—PROHIBITION IN EQUITY CASE—JURISDICTION OF DISTRICT COURT OF APPEAL.—Under article VI of section 4 of the constitution, the district court of appeal has jurisdiction of an application for a writ of prohibition to restrain a judge of the superior court from making any order in an action in equity, other than to transfer the cause, notwithstanding the appellate jurisdiction in equity cases is, by the constitution, lodged in the first instance in the supreme court alone.

[4] ID.—PROCEDURE ON DISQUALIFICATION OF JUDGE.—Where a judge of the superior court is disqualified from sitting or acting in an action, it is not proper for him to deny a motion for change of place of trial, and then call in another judge to hear the case, but he should make an order, there being no other superior judge in the same county, transferring the case as provided in section 398 of the Code of Civil Procedure.

[5] ID.—CORPORATION AS PARTY TO ACTION—STOCKHOLDER NOT INCLUDED—CONSTRUCTION OF CODE.—A stockholder in a corporation is not a "party" to an action in which the corporation itself is a party within the meaning of subdivision 2 of section 170 of the Code of Civil Procedure, which provides that no judge shall sit or act in any action when he is related to an officer of a corporation which is a party.

[6] ID.—OWNERSHIP OF STOCK BY WIFE OF JUDGE—JUDGE NOT DISQUALIFIED.—A judge of the superior court is not disqualified under subdivision 2 of section 170 of the Code of Civil Procedure from sitting and acting in a civil action in which a corporation is a party by reason of the fact that his wife owns stock in the corporation.

PROCEEDING in prohibition to restrain the Superior Court of Riverside County and Hugh H. Craig, Judge thereof, from making any order in a pending cause, except an order changing the place of trial to the nearest or most accessible

superior court, the judge of which is not disqualified from acting. Application denied and proceeding dismissed.

The facts are stated in the opinion of the court.

Geo. B. Bush and D. B. Chapin for Petitioners.

Adair & Winder for Respondents.

SHAW, J.—This is an application for a writ of prohibition to prevent the superior court of Riverside County from proceeding in a cause pending in said court wherein the said petitioners are plaintiffs and the Security Investment Company and others are defendants. This proceeding for prohibition was begun in the district court of appeal for the second district and after decision there was transferred to this court for rehearing. The original petition was filed on December 16, 1918. An amended petition was filed on December 19, 1918.

Honorable Hugh H. Craig is the regularly elected judge of the superior court of Riverside County, before whom the cause originally came on for disposition. On December 9, 1918, the petitioners here, without notice to the other party, presented to Judge Craig, *ex parte,* a paper purporting to set forth a motion to change the place of trial in the action. The sole ground for the motion was stated therein as folows: "On account of the disqualification of yourself to try the same." The fact which caused the disqualification referred to was not stated. Petitioners did not then file said paper, or any papers in the case, but stated to the judge that they would renew the motion on the following day. On December 10, 1918, the petitioners filed an application to change the place of trial of said cause on the sole ground that the wife of the judge was a stockholder in the said corporation and that Judge Craig was for that reason disqualified to try the cause or make any order therein other than to change the place of trial, as prescribed by section 398 of the Code of Civil Procedure. The attorneys for the defendants appeared to this motion and the hearing was postponed to December 12, 1918, on which day the parties appeared, the motion was argued by the respective attorneys and was denied by the court. It was made to appear that the wife of Judge Craig

had disposed of her stock in the corporation on December 10, 1918. On the same day Judge Craig requested Honorable J. W. Curtis, judge of the superior court of San Bernardino County, to sit for him on the following day for the purpose of disposing of the said cause. On December 13, 1918, Judge Curtis presided in the said court and the said cause was called for further proceedings. Thereupon the petitioners objected to any further proceedings therein and moved the court to change the place of trial thereof upon the ground that the wife of Judge Craig was a stockholder in the defendant corporation during the pendency of the action at all times prior to December 10, 1918; that on December 9, 1918, the petitioners had made the application above mentioned to Judge Craig; that they had filed a motion for change of place of trial on December 10, 1918, as above stated; that the matter was heard on December 12, 1918, at which time it had been denied by Judge Craig. This application was heard by Judge Curtis, then presiding in the court, and, after argument, was denied. Thereupon, as before stated, this proceeding in prohibition was instituted against said superior court, and also against Hugh H. Craig, as presiding judge thereof. The object of the proceeding is to restrain the said court from making any order in the said cause except an order changing the place of trial to the nearest or most accessible superior court, the judge of which is not disqualified from trying the same.

[1] The cause was submitted on a demurrer to the petition. The facts alleged are therefore admitted to exist. But other facts, though pertinent to the prayer of the petition, cannot be considered.

[2] Upon the argument here, it was stated that Judge Craig had been the owner of stock in the corporation defendant prior to June 13, 1917, and it was urged that he was and continued thereafter to be disqualified by reason of such fact, so long as his direct liability as a stockholder continued to exist. On this point we need only say that neither in the petition nor in the notice of motion is it alleged that he ever owned any stock in said corporation. The mere recital of the fact that Judge Craig had stated "that he had disposed of all his stock in said corporation to his wife," is not an allegation of the fact of ownership. It cannot be regarded as such allegation, and particularly in view of the fact that it is not assigned either in the petition or in any

motion addressed to the superior court as ground for the application to change the place of trial.  Nor can statements made by counsel in argument, or statements in an affidavit filed in behalf of the respondent, cure the lack of a material allegation in the petition.  This court, therefore, cannot consider the effect of such ownership, if, as a matter of fact, Judge Craig ever did own such stock.  The decision of the case must depend wholly on the effect of the alleged and admitted fact that his wife was the owner thereof at the time the application was made to the court when Judge Craig was presiding therein, to change the place of trial.

[3]  There is no merit in the motion of respondent to quash the writ of prohibition issued by the district court. The motion was based on the claim that the case before the superior court was an action in equity—a case in which appellate jurisdiction is, by the constitution, lodged in the first instance, in the supreme court alone (Const., art. VI, sec. 4), from which fact, it is argued, an original proceeding in prohibition to prevent action by the superior court in such a case is cognizable only in the supreme court.  This assumption is not correct.  The same section of the constitution gives equal and concurrent jurisdiction to the district courts and to the supreme court to issue writs of prohibition in all proper cases.  So far as jurisdiction to do so is concerned, the questions of appellate jurisdiction and of the nature of the action in which the act sought to be prohibited is threatened, are entirely immaterial.  As a matter of policy and practice, both this court and the district courts, respectively, have at times refused to take jurisdiction of an original proceeding where the case involved was in the superior court and was originally appealable to the other court.  (*Collins* v. *Superior Court*, 147 Cal. 264, [81 Pac. 509]; *Estate of Turner*, 39 Cal. App. 56, [177 Pac. 854].)  But this practice was not adopted because of any want of original jurisdiction in such cases in either court.  This was expressly stated in the Collins case.

[4]  If the fact that the wife of Judge Craig owned stock in the corporation on December 10, 1918, when the application was filed and presented to him as judge of the superior court, is sufficient to disqualify him from sitting or acting as judge in that action, there is no doubt, under our decisions, that it was his duty, upon the fact being established, to grant the application and make an order transferring the case as

provided in section 398 of the Code of Civil Procedure (*Livermore* v. *Brundage,* 64 Cal. 299, [30 Pac. 848]; *Krumdick* v. *Crump,* 98 Cal. 119, [32 Pac. 800].) There was but one judge of the superior court of Riverside County and hence the rule stated in *Oakland* v. *Oakland etc. Co.,* 118 Cal. 249, [50 Pac. 268], that an action could be retained and tried by another judge of the same court, does not apply. If his disqualification depends upon a fact not within the knowledge of the judge, as might be the case, power to determine from the evidence whether or not the fact existed would be implied from the necessity of the case, but when established, the mandate of section 398 would certainly apply and be imperative, as was held in said cases, leaving him no discretion in the matter. It is true, as was said in *Paige* v. *Carroll,* 61 Cal. 215, that if, before the motion was made, the disqualified judge had called in another judge, not disqualified, to sit for him in the cause, the judge so called in could properly deny the motion to change the place of trial. But in this case Judge Craig did not call in Judge Curtis to sit in the cause until after he had denied the motion, and therefore, as said in *Upton* v. *Upton,* 94 Cal. 28, [29 Pac. 411], it was "his duty to grant it," instead of denying the motion and thereafter calling in the judge. (See, also, *Barnhart* v. *Fulkerth,* 59 Cal. 130; *Finn* v. *Spagnoli,* 67 Cal. 330, [7 Pac. 746].) The first question presented on the merits, therefore, is whether or not the ownership of the stock by his wife at the time the motion was regularly presented to him operated to disqualify him from trying the case.

The claim that the fact that the wife is a stockholder disqualifies the husband from trying the case as judge rests upon the following language of section 170 of the Code of Civil Procedure: "No justice, judge, or justice of the peace shall sit or act as such in any action or proceeding: 1. To which he is a party or in which he is interested; 2. When he is related to either party, or to an officer of a corporation which is a party, or to an attorney, counsel, or agent of either party, by consanguinity or affinity, within the third degree, computed according to the rules of law." A provision follows for the waiver by the parties of such disqualification under subdivision 2. It is not material here.

The argument is that the wife, as holder of corporate stock, is the owner of an interest in the corporation; that the corpo-

ration represents her in such action and acts for her protection and benefit, and consequently that she is a "party" to the action, within the meaning and scope of the first clause of subdivision 2. That a stockholder is not technically a party cannot be doubted. "Where a corporation sues or is sued in its corporate name, the action is by or against the corporation itself as a legal entity, and its members are not in any legal sense parties to the action." (1 Clark & Marshall on Corporations, p. 15.) It is only where the corporation defendant refuses to defend the action, or having begun a defense, it is made to appear that it will not prosecute the defense in good faith, that a stockholder may, upon a proper application showing the facts, be allowed to become a party and defend on behalf of the corporation. He must show that he cannot induce those in control of the corporation to do that which is right in the matter. (*Waymire* v. *San Francisco etc. Ry. Co.*, 112 Cal. 650, [44 Pac. 1086]; 2 Clark & Marshall on Corporations, p. 1690.) Hence the use of the word "party" in the clause relied on does not signify that the ownership of stock by a person related to the judge within the prohibited degree disqualifies the judge from trying a case against the corporation. The succeeding clause clearly indicates that the legislature intended that it should not have that effect, for that clause states the fact which the legislature must be presumed to have considered necessary to disqualify the judge where a corporation is a party. It limits the disqualification to cases where the relative is an officer of the corporation. The rule of construction that the expression of one thing excludes all others applies, and it is therefore to be presumed that the legislature did not intend to create a disqualification by reason of the relationship of the judge to any person connected with the corporation except an officer thereof. That this is the proper construction of a statute prohibiting action by one who is related to a party to the suit is well established. It was directly held under a statute precisely like ours in this respect that the judge was not disqualified by his relationship to a stockholder. (*Searsburgh T. Co.* v. *Cutler*, 6 Vt. 322.) And a statute prohibiting a sheriff or constable from serving process in a case to which he is a party, or is related to a party, does not apply to prevent him from serving process in a case where a corporation is a party and he is a stockholder therein. (*Adams* v.

*Wicasset Bank,* 1 Me. 365, [10 Am. Dec. 88]; *Merchants' Bank* v. *Cook,* 21 Mass. (4 Pick.) 415.)   The supreme court of Maine in the above case stated the reasons in very apt and convincing language as follows: ''The argument arising from inconvenience is very strong.   Shares are continually changing owners; and a corporation of this kind, if disposed to be evasive, might by frequent and secret transfers, abate every process commenced against them.''   These reasons apply with greater force to the present case.   If the corporations of this state could disqualify a judge and obtain a change of the place of trial whenever some relative of the judge within the third degree was or should become a stockholder of such corporation, it might be made very difficult, as against many corporations, to find a judge or a court where the cause to which such corporation was a party could be tried.   No great effort of the imagination is necessary to perceive the consequences of such a rule.   In many cases it would operate to defeat justice.   [5]   We are satisfied, therefore, that the subdivision should not be construed so as to include the stockholder as a party where the corporation only is named as such.

The petitioner relies on the decision in *Howell* v. *Budd,* 91 Cal. 342, [27 Pac. 747], in support of his position.   In that case the sons of the judge were the vendees of certain persons claiming heirship to an estate under an executory contract by which such heirs agreed to convey to the sons an interest in the estate, in consideration of their services as attorneys in establishing the heirship.   The decision in the case would settle the question of such heirship.   The sons were therefore as much interested in the controversy as the parties themselves.   Upon a distribution they would not be improper parties and would have a right to appear in respect to their personal interests.   The general notice of the proceeding to be given to all persons would be notice to them as well as to every other person who claimed any interest in the estate. In view of this direct interest as compared with the remote and indirect interest of the stockholders of a corporation, and because of the provisions of the section itself above referred to implying the contrary intention in the case of corporations, we do not think this case should be extended to include cases like the one at bar.   [6]   Our conclusion, therefore, is that Judge Craig was not disqualified to act in the matter by rea-

son of his wife's ownership of stock in the corporation de-fendant.

We have shown that there is no allegation in the petition to the effect that Judge Craig was himself at any time a stockholder in said corporation. Inasmuch as it may be claimed that his ownership was a matter within his personal knowledge and that he should have taken cognizance thereof at the mere suggestion, it may be proper to present some further considerations on the subject. Upon the hearing in the district court of appeal an affidavit of Judge Craig was filed by the respondents showing that he had not been the owner of any stock in the corporation since the date of June 13, 1917. There is no information obtainable from the record to show that ownership at that date would disqualify him. The cause was submitted, as we have said, upon a demurrer to the petition. The petition does not set forth the complaint in the action pending in the superior court, nor purport to state the substance thereof. No evidence was introduced at the hearing, either in the district court or in this court, as to the character of said action or as to the allegations of the complaint therein. The petitioners in their briefs set forth what purports to be a statement of some of the facts alleged in said complaint. As these facts were not alleged, we cannot take notice of them when presented in this manner. It is true that the liability of a stockholder for the debts and liabilities of the corporation is direct and is created as soon as the corporate debt or liability is contracted or incurred (Const., art. XII, sec. 3), so that, if the liability involved in the action was contracted or incurred prior to the disposition by Judge Craig of his stock, as stated in his affidavit, he might still be interested in the action and be disqualified by subdivision 1 of section 170. But there can be no presumption in this case that such liability did exist at that time, for we have no facts upon which it could be predicated. Hence, the contention that he is disqualified by reason of his own interest is not sustained by the allegations or proof.

It may properly be suggested that there is no good reason for further contention in the court below upon this subject. By calling in Judge Curtis, Judge Craig has already indicated his intention not to try the case. If it is improper for him to do so, or to choose the judge, under the actual circumstances of the case as they may appear, the objection can

easily be obviated by requesting the Governor to designate the judge to try the case.

The application for a peremptory writ of prohibition is denied and the proceeding is dismissed.

Wilbur, J., Olney, J., Lawlor, J., Lennon, J., Melvin, J., and Angellotti, C. J., concurred.