[Civ. No. 3928.  Second  Appellate  District,  Division  Two.—July  25, 1922.]

## J. M. TANNAHILL, Petitioner, v. SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

[1] APPEAL—JUDGMENT—ACTION INVOLVING REAL PROPERTY — SETTLE-MENT OF BILL OF EXCEPTIONS — MANDAMUS—JURISDICTION.—The supreme court has exclusive jurisdiction of an appeal from the judgment in an action involving the title to and possession of real property, and as a matter of policy and practice the district court of appeal will not issue a writ of mandate to compel the settlement of a bill of exceptions to be used on such an appeal, since the writ should be issued by the supreme court.

PROCEEDINGS on application for a Writ of Mandate to compel the settlement of a bill of exceptions. Writ denied.

The facts are stated in the opinion of the court.

J. R. Jaffray for Petitioner.

Adair & Winder for Respondents.

FINLAYSON, P. J.—This is an original application to this court for a writ of mandate to compel the settlement of a bill of exceptions. An alternative writ of mandate was issued—inadvertently, as it now appears. In due time respondents appeared and presented a general demurrer to the petition. Thereafter the briefs were filed, and the matter has been regularly submitted. Because we think the proceeding is not properly here, we refrain from expressing any opinion upon the merits of the controversy or upon the propriety of the issuance of the writ of mandate by the proper court.

[1] Though contending that the trial judge was justified in refusing to settle the bill of exceptions, respondents have argued and submitted this proceeding without questioning the propriety of the issuance of the writ by this court if the facts disclose it to be a proper case for commanding the trial judge to settle the bill. Upon reading the briefs our attention is for the first time directed to the fact

that the appeal in which petitioner intends using the bill of exceptions is not one of which this court has jurisdiction. Upon a more careful examination of the contents of the petition than was given when the alternative writ was issued, we find that the action in the superior court is one involving the title to and possession of real property. On an appeal from the judgment in such an action the supreme court has exclusive jurisdiction. (Sec. 4, art. VI, Const.) A bill of exceptions is ultimately used as a basis for presenting the merits of a case upon an appeal. The writ of mandate, when issued by an appellate court to compel the settlement of a bill of exceptions, is issued to aid the court in the exercise of its appellate jurisdiction. The writ, therefore, should be issued by the court which possesses the appellate jurisdiction—in this case the supreme court of this state. (*Stewart* v. *Torrance,* 9 Cal. App. 209 [98 Pac. 396]. See, also, *Matter of Application of Davidson,* 24 Cal. App. 407 [141 Pac. 216, 144 Pac. 147].) We do not say that we would not have jurisdiction if we chose to exercise it. The constitution gives equal and concurrent jurisdiction to the supreme court and to the district courts of appeal to issue writs of *mandamus* in all proper cases. (Const., art. VI, sec. 4. See *Favorite* v. *Superior Court,* 181 Cal. 265 [8 A. L. R. 290, 184 Pac. 15].) But as a matter of policy and practice, both the supreme court and the district courts of appeal, respectively, refuse to take jurisdiction of an original *mandamus* proceeding in aid of appellate jurisdiction where that appellate jurisdiction is vested originally in the other court. (See *Collins* v. *Superior Court,* 147 Cal. 264 [81 Pac. 509]; *Favorite* v. *Superior Court, supra.*)

Because the alternative writ of mandate was inadvertently issued, it is discharged, and the petition for the peremptory writ of mandate is denied.

Works, J., and Craig, J., concurred.