[Civ. No. 10152. Fourth Dist., Div. One. Aug. 13, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN DIEGO
JUDICIAL DISTRICT OF SAN DIEGO COUNTY,
Defendant and Respondent;
LARRY LEE LOTT, Real Party in Interest and Respondent.

540

## Counsel

John W. Witt, City Attorney, Kenneth H. Lounsbery and J. David Franklin, Deputy City Attorneys, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

## Opinion

**WHELAN, J.**—The People appeal from a judgment denying their petition for a writ of mandate sought to be directed to the Municipal Court of San Diego Judicial District (respondent court).

The real party in interest is Larry Lee Lott (Lott), defendant in a misdemeanor case in respondent court.[1] Prior to trial of that misdemeanor action, Lott made a motion under Penal Code section 1538.5 to suppress evidence, which was granted. On appeal by the People to the superior court from the order granting the motion to suppress, that order was reversed on May 16, 1969.

On July 23, 1969, when the misdemeanor case came to trial, Lott was permitted, over objection from the People, to make anew a motion under Penal Code section 1538.5 to suppress the same evidence upon the ground the search that discovered the seized evidence was unreasonable under the decision in *Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], which had been decided on June 23, 1969, after the decision of the appellate department of the superior court.

An alternative writ of mandate issued from the superior court halting a ruling by the respondent court on the second motion to suppress, the decision on the merits of the case having been by stipulation submitted upon the transcript of testimony taken at the hearing on the first motion to suppress.

Thereafter the superior court denied the petition for writ of mandate. This appeal followed.

### Discussion

Penal Code section 1538.5 provides in part: "(d) If a search or seizure motion is granted pursuant to the proceedings authorized by this section,

---

[1]That was for a violation of Health and Safety Code, section 11510, which at the time of the alleged offense, September 7, 1968, was defined as a misdemeanor.

the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section or Section 1238 [appellate review] or Section 1466 [appeal to appellate department of the superior court] are utilized by the people.

" . . . . . . . . . . . . . . . . . . .

"(g) If the property or evidence relates to a misdemeanor complaint, the motion shall be made in the municipal or justice court before trial and heard prior to trial at a special hearing relating to the validity of the search or seizure . . .

"(h) If, prior to the trial of a . . . misdemeanor, opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, the defendant shall have the right to make this motion during the course of trial in the municipal . . . court. *Furthermore, the court in its discretion may entertain the motion during the course of the trial.*

"(j) . . . If the people prosecute review by appeal . . . to decision . . . in a . . . misdemeanor case, it shall be binding upon them." (Italics added.)

Subdivision (h) quoted above gives the defendant a right under the circumstances specified to make the motion during the course of trial. Neither of those grounds furnished a basis for the making by Lott of a second motion.

■ However, the concluding sentence of that paragraph confers a discretion upon the trial court to entertain a motion during the course of trial without stating conditions for the exercise of that discretion.

■ The advent of new decisional law, such as *Chimel v. California, supra,* 395 U.S. 752, which might affect the correctness of a prior ruling necessarily made in ignorance of the later decision would afford grounds for exercising the court's discretion to entertain a motion anew.

While *People v. Edwards,* 71 Cal.2d 1096, 1107-1108 [80 Cal.Rptr. 633, 458 P.2d 713], decided September 24, 1969, has declared that the rule of *Chimel v. California, supra,* is not to be applied retrospectively, that, too, must have been unknown to the respondent court when it exercised its discretion to hear the motion.

■ Under the quoted language of subdivision (j), the People are bound by an adverse decision on review of the ruling on such a motion. Under the rule of statutory construction, *inclusio unius est exclusio alterius,* a decision

on the defendant's appeal is not made binding upon him. (*Favorite* v. *Superior Court of Riverside Co.,* 181 Cal. 261, 267 [184 P. 15, 8 A.L.R. 290]; *In re Peart,* 5 Cal.App.2d 469, 472 [43 P.2d 334].)

The action of the appellate department of the superior court, therefore, has the same effect, so far as the respondent court's discretion is concerned, as if the first motion had been denied by the municipal court.

■ Except as the court's discretion may be limited by statute, the general rule is that the court has discretion to permit the making of a second motion after a denial of a first motion seeking the same relief. (See *Rambush* v. *Rambush,* 267 Cal.App.2d 734, 740-741 [73 Cal.Rptr. 268], and cases cited therein.)

■ We find no abuse of discretion on the part of respondent court in entertaining a second motion under the circumstances.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.