[Civ. No. 981.  Second Appellate District.—May 15, 1911.]

WEST RIVERSIDE 350-INCH WATER COMPANY, a Corporation, Appellant, v. C. W. ROGERS and ROGERS DEVELOPMENT COMPANY, a Corporation, Respondents.

WATER RIGHTS—GRANT BY FLUME OWNER OF PRIOR RIGHT — SUBORDINATE RIGHTS—CLOGGED SIPHONS—INJUNCTION — COSTS OF UNAUTHORIZED RECEIVER—DEFECTS REMEDIED.—Where the defendant, the owner of a flume, had granted to plaintiff the prior right to take and carry 350 inches of water therein, through siphons at the beginning and end of the flume, emptying into its own conduit, and reserved the subordinate right to another party to carry 75 inches and to himself to carry 125 inches therein, and the siphons became clogged, and plaintiff, though carrying 497 inches therein, sued to enjoin defendant from pumping additional water therein to the danger of the flume, conceding that such injunction was proper, yet when the plaintiff, without authority under his complaint, obtained a receiver, who within a few days cleared out the siphons, whereupon the injunction was dissolved, it is held that the costs of such receiver were chargeable to the plaintiff alone, and cannot be recovered from the defendant.

ID.—RESPECTIVE OBLIGATIONS OF PARTIES.—The plaintiff, having the prior right, was under no obligation to render the flume suitable for carriage of the water conducted through it in subordination thereto by defendant and other parties; but the obligation of the defendant, who was the owner of the flume, was to render it suitable to carry the quantity of water which the plaintiff was entitled to have carried under the terms of the grant made to it.

ID.—CONCLUSION OF TRIAL—QUESTION OF COSTS—PROPER JUDGMENT—REASONS IMMATERIAL.—Where at the conclusion of the trial the only question was whether the costs of the receiver could be charged against the property of the defendant, and judgment was entered in favor of the defendant, such judgment was proper, regardless of the reasons assigned therefor.

ID.—FAILURE OF PLAINTIFF TO CONTRIBUTE TO EXPENSES OF FLUME—WANT OF EQUITY—IMMATERIAL FINDING.—Though the court found in accordance with the answer that plaintiff had refused to contribute to the expense of maintaining the flume as required by the grant of the right of way, and that plaintiff had therefore failed to do equity, as a reason for the judgment, yet, inasmuch as the judgment on all the facts found was right, the fact that it was prompted by that finding is not material.

APPEAL from a judgment of the Superior Court of Riverside County.   George H. Hutton, Judge presiding.

The facts are stated in the opinion of the court.

Collier, Carnahan & Craig, for Appellant.

Lafayette Gill, and Purington & Adair, for Respondents.

JAMES, J.—Appeal by plaintiff from a judgment entered in favor of defendants.   The North Riverside and Jurupa Canal, located in the county of Riverside, is an aqueduct used for the purpose of supplying a large number of persons with water for domestic and irrigating purposes.   Plaintiff at the time of the commencement of this action was engaged in furnishing water to its stockholders and other patrons and was the owner of a right, by way of perpetual easement, to have 350 miner's inches of water, measured under four-inch pressure at the point of delivery, conveyed through said canal. The canal at its upper extremity consisted of a wooden flume about 2,000 feet in length, which crossed the Santa Ana river from the point of intake.   The water was conducted into the flume by siphons and again emptied by siphons from the flume into a concrete conduit, which latter formed a channel for its conveyance to the distributing systems of the owners of the water.   At the time this action was commenced, defendant Rogers was the owner of at least that portion of the canal which was constructed as a flume, subject to the right of the plaintiff as mentioned, and also subject to another easement termed the "Salazar water right."   Whether Rogers owned the entire conduit does not appear, and it is immaterial, as plaintiff's cause of complaint concerned only the flume and its accessory siphons.   The conditions prompting plaintiff to commence this action, as alleged in its complaint and found by the court, were briefly as follows: Two of the siphons at the easterly end of the flume and two at the westerly end thereof had become filled with sand and debris so that no water could be conducted through the same. There remained but two siphons, one at either end of the flume, which were available for the purpose for which they were constructed.   At that time defendants were pumping

into the aqueduct about 150 miner's inches of water, and another water owner, under the Salazar water right, was pumping 75 inches of water into the flume. Plaintiff was entitled to have 360 inches of water carried in the canal at its starting point, so that, allowing for evaporation and shortage by waste, it might have delivered through the aqueduct the 350 inches, as was provided by the grant to it of the right of way. Plaintiff was then pumping 272 inches of water into the canal. Because of the impaired condition of the siphons, the water in the flume could not find ready exit, and the effect was to cause it to be collected therein to a greater depth and of a greater weight than it would have collected had the siphons at the westerly end been freed from the obstructions. The flume was old and plaintiff could not pump into it the full amount of water which it was entitled to have carried, in addition to the quantity already conducted therethrough, without running the risk of causing the flume to break. Such a break would have entailed great expense, and would have deprived all of the users of water who derived their supply from that source, of water until repairs could be made. Defendant Rogers had refused to repair the conduit or clear the siphons, and he had also refused to stop pumping operations long enough to allow plaintiff to make the repairs necessary then to be made. Upon this state of facts, plaintiff asked, first, for a restraining order requiring defendant to cease pumping water until further order of court; and, second, that a receiver be appointed and directed to clear the siphons and flume, so that plaintiff's 350 inches of water could be safely carried therein, and further, that the expense of the work and costs of the proceeding be made a charge against the flume and siphons. After the filing of the complaint, upon *ex parte* application, a restraining order was issued by the court and a receiver appointed. The receiver was directed by the order of appointment to do the work of clearing the siphons, and this he did within a few days, and was discharged. The restraining order was vacated at the same time. The issue presented to the trial court for determination was as to the right of plaintiff to have the expense of the receivership made a charge against the property of defendant. The court found, in accordance with the allegations contained in defendant's answer, that plaintiff had

refused prior to the commencement of the action to pay its proportion of the expense of maintaining the conduit, as was required of it under the terms of the conveyance of the right of way, and that, therefore, agreeable to the maxim that he who seeks equity must do equity, no relief should be awarded to it. Judgment was accordingly entered for defendants.

On behalf of appellant it is argued that the equitable rule referred to was improperly invoked in bar of a recovery by the plaintiff for various reasons assigned, chief among them being: That no account of charges for maintenance had been furnished by defendant Rogers to appellant prior to the commencement of the action; that no claim on behalf of Rogers on that account existed as a fact; that if such charge did exist, the matter of the adjustment thereof would not constitute a condition precedent to the right of plaintiff to have the canal kept in such a condition of repair as to make it possible to have the full 350 inches of water owned by plaintiff delivered through the same without danger of the flume giving way.

Any inquiry as to the validity of these contentions is rendered unnecessary, when certain facts set out clearly in the complaint, and which are admitted by the answer to be true and so found by the court, are taken into consideration. We refer to the facts alleged by plaintiff in its complaint, in paragraph VI thereof, ''That there is at present flowing in said flume seventy-five miner's inches of Salazar water, hereinabove described; that the said C. W. Rogers and said Rogers Development Company are pumping about one hundred and fifty inches of water and discharging it into said flume; that this plaintiff is entitled to pump and to discharge through said flume three hundred and sixty inches of water, and *has a prior right to so discharge said water over and above either the said Salazar Company or the said Rogers Development Company and C. W. Rogers.''* The flume, according to plaintiff's allegations, was safely carrying at the time of the commencement of this action 150 inches of the Rogers water, 75 inches of the Salazar water and 272 inches of water of the plaintiff, making a total of 497 inches then being conducted through it. Plaintiff's only complaint was that more water could not be pumped into the flume without causing damage. It is alleged, admitted and determined that plaintiff had the

prior right over all persons using the canal to have its 350 inches of water carried in the flume and conduit. The flume could safely have carried all of plaintiff's water, and also all of the Salazar water. The query then suggests itself: What was the remedy to which plaintiff was entitled, if any, under these conditions? Plaintiff had no concern to so act as to preserve the safe carrying capacity in the canal for the water then being conducted through it by defendant Rogers and by the Salazar right holders. The obligation of defendant Rogers was to furnish a canal suitable for the carrying of the quantity of water which plaintiff was entitled to have carried under the terms of the grant made to it. If the safe carrying capacity of the canal was ample to secure to plaintiff all that it was entitled to, then it could not say to Rogers, "You must make the canal sufficiently safe to enable it to carry, not only our water, but also the Salazar water and your own." If damage to plaintiff's right was threatened, which was of such a nature as to warrant equitable interference, that interference would only go to the length and extent of enjoining defendant from carrying such an excess in quantity of water over the 350 inches as would make danger of damage and great loss imminent. The facts stated in plaintiff's complaint seem sufficient to entitle it to this precise relief, but by the act of the receiver the cause for complaint was removed, so that it no longer existed at the time the trial was had. Under the showing made by the complaint, the court was not authorized to appoint the receiver, and the costs of the receivership were chargeable against the plaintiff alone. The judgment of the court on the facts as alleged and found was, therefore, right. That this judgment was prompted by the finding made by the court, that plaintiff could not recover because it had failed to make payment of the amounts of money due from it on account of expenses of the maintenance of the canal, is not material.

It follows, under this view of the case, that the judgment should be affirmed; and it is so ordered.

Allen, P. J., and Shaw, J., concurred.