[Civ. No. 2679.  First Appellate District, Division One.—December 4, 1918.]

In the Matter of the Estate of MARY E. TURNER, Deceased.

PROHIBITION—INTERFERENCE WITH RIGHTS IN PROBATE PROCEEDING—DISTRICT COURT OF APPEAL WITHOUT JURISDICTION.—A petition for an alternative writ of prohibition presented to the district court of appeal and directed to a judge of the superior court commanding him to cease and desist from threatening, oppressing, or intimidating the petitioner in his efforts to enforce his alleged rights in a probate proceeding pending in said superior court, must be denied, since the writ pertains to a probate proceeding in which the district court of appeal would not have original appellate jurisdiction if an appeal were to be taken from any action therein.

ID.—POINTS AND AUTHORITIES.—A petition for a writ of prohibition must, under rule XXVI, section 2, of the supreme court, be accompanied with the points and authorities upon which the petitioner relies in support of his petition.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the First Appellate District to be directed to a judge of the Superior Court. Proceeding dismissed.

The facts are stated in the opinion of the court.

H. S. Herrick, *in pro. per.*, for Petitioner.

LENNON, P. J.—The petitioner here, in person, heretofore presented a petition for an alternate writ of prohibition directed to the judge of Department 8 of the superior court of

the state of California, in and for the city and county of San Francisco, commanding him "to cease and desist from threatening, oppressing or intimidating petitioner on any hearings of said matter, or from fining or otherwise penalizing him for his efforts to enforce his rights" in and to the above-entitled estate, which the petitioner alleges is pending probate in said superior court.

The petition cannot be acted upon by the court in its entirety because of the fact that the judge against whom the writ is requested is now sitting as a justice *pro tem.* of this court, and said judge is disqualified by constitutional provisions from participating in any case or proceeding sought to be reviewed in which he sat as the trial judge. Without consultation with said judge, we have concluded that the writ should be denied because it pertains to a probate proceeding in which this court would not have original appellate jurisdiction if an appeal were to be taken from any action therein, and, consequently, under the practice inaugurated by the supreme court, the petition should have been presented there in the first instance.

Moreover, the petition was not accompanied (as required by Rule XXVI, section 2, of the supreme court, [160 Cal. xlvii, 119 Pac. xiv]), with the points and authorities upon which the petitioner relied in support of his petition.

Aside from these considerations, we are of the opinion that the petition should be denied upon the merits because it does not state, nor attempt to state, facts sufficient to warrant the issuance of the writ, in this, that it affirmatively appears from the petition that all of the acts and things complained of therein were done and performed by the judge against whom the writ is sought, in the exercise of the undoubted jurisdiction which the court over which he presided had to deal with and dispose of the probate of the estate pending therein.

Done in chambers this third day of December, 1918.

Beasly, J., *pro tem.,* concurred.