[Civ. No. 6156.  Second Appellate District, Division Two.—August 9, 1929.]

AGNES GUNDER, Petitioner, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

McAdoo, Neblett, O'Connor & Clagett and E. H. Mitchell for Petitioner.

Woodruff, Musick, Pinney & Hartke and H. L. Pratt for Respondents.

CRAIG, J.—On October 23, 1926, suit was filed in the Superior Court of Riverside County by Samuel H. Gunder against his then wife, the petitioner herein, for the cancellation of a property settlement theretofore consummated between them. Judgment was rendered in favor of the plaintiff on November 4, 1927, declaring null and void a quitclaim deed, and a bill of sale, awarding him possession of the real and personal property, and ordering an accounting by the defendant. A referee was therein appointed to take an account of all property and moneys received by the defendant from the plaintiff or through re-investment of the proceeds thereof, and the defendant was restrained from encumbering, transferring or removing any of the subject matter of the suit pending such accounting. Said judgment further provided as follows:

"That upon the rendition of said account of said referee to the court, and the court's approval thereof, said plaintiff is and shall be given a final judgment against said defendant for the immediate possession of any and all personal property, including bonds and money and proceeds thereof in the hands of said defendant, or under her control or any one on her behalf, belonging to said plaintiff, or the value thereof, as well as also for a final judgment in favor of said plaintiff and against said defendant in such amount as the court may find that the plaintiff is entitled to."

The defendant, petitioner herein, appealed to the Supreme Court from "the judgment in the above entitled action, and each and every part thereof," on November 14, 1927, and the appeal is still pending. Prior to the date last mentioned, and on the tenth day of November, 1927, the plaintiff, Samuel H. Gunder, moved the trial court for the appointment of a receiver, whereupon the same person who had theretofore been appointed referee was designated as such receiver. On May 28, 1928, at the instance of the plaintiff, and without notice, another person was designated as referee in the place and stead of the former, "with full and complete authority to take all necessary steps to receive and hear the accounting specified and required by the court in

its certain judgment made and entered in the above entitled cause on the 4th day of November, 1927.'' The substituted referee having set a time and place of hearing, petitioner appeared by counsel and objected to any proceedings before him, upon the ground that he had no jurisdiction, which objection was overruled and the matter was reset for hearing. She then filed in this court a petition for a writ of prohibition directing that the respondent court and each of the persons named as referees refrain from proceeding in the case of *Gunder* v. *Gunder*. It was objected before the referee, and is here contended as asserted grounds for the writ, that the order appointing him was made more than six months after the entry of judgment, that it was made either *ex parte* or upon the court's own motion without notice, that it modified in a material respect the judgment from which an appeal had previously been taken, and that all proceedings with respect to an accounting pursuant to the judgment are stayed by the appeal. The respondents contend, regardless of the merits of the proceeding, that since the petitioner seeks to restrain the action of an officer of the trial court, designated and directed to act by a judgment in an equitable proceeding which is appealable and has been repealed to the Supreme Court, this court has no authority to grant the relief prayed.

That the proceeding in the Superior Court was of an equitable nature is not doubted. It lay within the exclusive appellate jurisdiction of the Supreme Court. (Const., art. VI, sec. 4.) Unquestionably this court has jurisdiction, but as a matter of practice and policy where cases were in the Superior Court, both the Supreme and District Courts have refused to take jurisdiction when the case involved was one originally appealable to the other court. (*Favorite* v. *Superior Court*, 181 Cal. 263 [8 A. L. R. 290, 184 Pac. 15]; *Collins* v. *Superior Court*, 147 Cal. 264 [81 Pac. 509]; *Estate of Turner*, 39 Cal. App. 56 [177 Pac. 854].) If policy indicated this course where no appeal had yet been taken, it seems clear that the reasons therefor apply even more strongly where, as in this instance, an appeal has been taken to the court having original appellate jurisdiction. Should this petition be granted, questions involved in the appeal to the Supreme Court now pending would necessarily be determined by this court. It is urged

by the petitioner that the basis of the appeal is not in itself an appealable judgment or order. If this is true, the proper means of removing it is readily at hand in the form of a motion to dismiss.

In the instant case an agreement purporting to adjust property rights has been canceled by the Superior Court, and real and personal property ordered retransferred. Before this can be accomplished, if at all, a reference and accounting is deemed by the trial court indispensable to a determination of the character and value of the property. The question as to whether the plaintiff is entitled to any judgment canceling the contract, or to any of the property, is now no longer in the Superior Court, but is pending in the Supreme Court; and the office of the referee having been created in aid of the Superior Court in discovering and valuing the estate for its purposes, to affirm, modify or deny his authority in this proceeding we think would be unwise and unwarranted.

The writ of prohibition is denied.

Works, P. J., concurred.

Thompson (Ira F.), J., being absent, did not participate in this decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 7, 1929, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 7, 1929.

All the Justices present concurred.