[Civ. No. 6892. Second Appellate District, Division One.—October 3, 1929.]

LILLIE H. BOLLES, Appellant, v. HILTON & PALEY, INC. (a Corporation), et al., Respondents.

I. W. Bane for Appellant.

Samuel J. Crawford for Respondents.

CONREY, P. J.—In this action to recover damages for personal injuries a motion for nonsuit was granted, and the

defendants recovered judgment for costs in the sum of $122.80. Plaintiff appealed from judgment, which appeal is now pending in this court. Plaintiff now applies for writ of *supersedeas* to stay enforcement of the judgment.

In addition to the facts above noted appellant states in her petition that after filing her notice of appeal she filed an undertaking in a sum twice the amount of the judgment entered in favor of the defendants and gave notice thereof to the defendants, who did not except to the sureties. Nevertheless, on demand of defendants, an execution was issued and by the sheriff levied upon property of appellant. Based upon the foregoing facts appellant asks for the writ of *supersedeas*.

On this motion no questions of fact are raised, but respondents claim that the stay bond, of which a copy is attached to the petition, was not signed by two persons entitled to be sureties on such bond. The persons named thereon are Charles I. Bolles and Constance Bolles. Charles I. Bolles is the husband of the plaintiff Lillie H. Bolles and is her coplaintiff in the action. Respondent has not cited, and we have not found any decision or any provision by statute in California which denies the right of a nonappealing party to become surety on the bond of his appealing coplaintiff or co-defendant. Decisions in some states have affirmed the competency of such nonappealing party to act as surety. In some other jurisdictions the contrary view prevails. (3 Cor. Jur., p. 1138.) ▉ For the present purpose we shall assume that the undertaking as filed is sufficient. On this assumption it results that we have the situation where an appellant has taken the proper steps to create a statutory *supersedeas* or stay, and where in the face of such existing stay the court below seeks to enforce its judgment against the appealing party. In such case the court in which the appeal is pending will grant a special order or writ restraining its action. (*Dulin* v. *Pacific Wood & Coal Co.*, 98 Cal. 304 [33 Pac. 123].) The execution has been issued against both plaintiffs. Of course there is no reason why execution may not issue against the nonappealing plaintiff, as to whom the judgment is final.

It is ordered that a writ of *supersedeas* issue herein staying execution upon the judgment against appellant Lillie H. Bolles, upon the giving by her of an undertaking in the

form and in the amount required by law in an undertaking on appeal from a money judgment; said undertaking to be approved by the presiding judge of the Superior Court of Los Angeles County, and filed in this court within thirty days from the date of this order.

Houser, J., and York, J., concurred.