[Civ. No. 607. Fourth Appellate District.—December 9, 1931.]

HIGHLAND SECURITIES COMPANY. (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

Culbert L. Olson and Welborn Mayock for Petitioners.

Forgy, Reinhaus & Forgy for Respondents.

MARKS, J.—This is an original proceeding instituted in this court seeking to review and annul an order of the respondent court settling an account made by respondent Curry as receiver, ordering the delivery of assets in his hands to Leonard Evans, fixing the compensation of the receiver and his attorneys, and directing the deduction of the amount of these fees from the assets in the hands of the receiver. The respondent court has not appeared herein by counsel, but, as its return, has presented certified copies of the records and files in the action in which receivership proceedings were had.

In July, 1931, R. R. Carew, one of the respondents here, filed his action in the respondent court against petitioners and a number of others seeking, among other things, judgment against certain of the defendants in the sum of $5,075.83 on a promissory note, the cancellation of a certain contract between himself and certain defendants, an accounting of the affairs of several defendant corporations, and the appointment of a receiver for the petitioners here and the Southern California Company, Limited, a corporation, to preserve their assets during the pendency of the action. On July 21, 1931, the respondent judge made his *ex parte* order appointing respondent Curry as such receiver.

Curry qualified by taking the necessary oath of office and giving a bond in the sum of $25,000 for the faithful performance of his duties, as required by the order appointing him. He entered upon a discharge of his duties and took control of the assets of the three corporations. Subsequently the Southern California Company, Limited, was adjudged a bankrupt by the United States District Court in and for the Southern District of California, and upon the order of the court the receiver delivered such assets of this corporation as he had in his possession to an officer of that court.

The complaint of Carew, and the petition here, allege that the assets of the two petitioner corporations were intermingled and that the receiver had assets of both corporations under his control. There is nothing in the record to indicate which of the properties belonged to the Highland Securities Company and which to the People's Finance and Thrift Company. The receiver denied that the Highland Securities Company owned any of the assets in his possession.

On September 18, 1931, each of the petitioners here filed separate notices of appeal from the order appointing the receiver. On September 21, 1931, the People's Finance and Thrift Company of Northern Orange County filed its stay bond on appeal with the approval of one of the judges of the respondent court. No order appears in the record before us fixing the amount of this bond. No bond was filed by the Highland Securities Company.

In the proceeding in the court below Culbert L. Olson appeared as attorney for the Highland Securities Company and Leonard Evans as attorney for the People's Finance and Thrift Company, except that in the demand next mentioned Welburn Mayock joined with Mr. Evans as attorney for the latter company. On September 21, 1931, the People's Finance and Thrift Company, by its attorneys, and Highland Securities Company, Limited, by Culbert L. Olson, its attorney, served the following demand upon the receiver, and Forgy, Reinhaus & Forgy, his attorneys:

"Whereas, the court did on the 21st day of July, 1931, make its order in the above entitled action wherein you were appointed Receiver for the defendant People's Finance & Thrift Company of Northern Orange County, and under said appointment took into your possession and are now holding

all assets and property of the said People's Finance & Thrift Company of Northern Orange County; and, certain assets of Highland Securities Corp., Ltd., and,

"Whereas, an appeal has been taken from said order appointing you as such receiver, and defendant People's Finance & Thrift Company of Northern Orange County has filed the necessary bond as provided in Section 943 of the Code of Civil Procedure staying the execution of your order of appointment in a sum fixed by the Court, and the execution of the order of appointment being, therefore, stayed by operation of law; and,

"Whereas, the filing of said undertaking, which has been approved by the Court, operates as a supersedeas and suspends all authority given to you under said order appointing you as Receiver, and withdraws from you the right to the control and possession of the property and assets now in your possession and under your control as property and assets of said People's Finance & Thrift Company of Northern Orange County, and restores the same to the party or parties from whom the same was taken.

"Demand is hereby made upon you by said People's Finance & Thrift Company of Northern Orange County and by Highland Securities Corporation, Ltd., that you immediately deliver over to Leonard Evans or Welburn Mayock, attorneys for said People's Finance & Thrift Company of Northern Orange County, all property and assets of whatsoever nature taken over by you as such receiver and now in your possession, or under your control."

On September 23, 1931, the receiver filed in the respondent court his petition for advice and permission to deliver the assets in his possession to petitioners, his accounts as such receiver, and a request that the court fix his compensation and that of his attorneys. By stipulation of counsel this report, petition and account were heard the following day and resulted in the trial court making an order in which the following parts are material: "Now, therefore said Byron V. Curry, the said receiver, is hereby ordered and directed to release and restore and deliver possession of all property and assets taken into his possession or under control as such receiver unto Leonard Evans, attorney for said The People's Finance & Thrift Company of Northern Orange County, defendant herein, and having accounted to

this court regarding all property received into his possession and under his control, and his account having been this day approved by the Court, and the Court having fixed as a charge against the said property and assets, compensation of said receiver at $1250.00, and for his attorneys, Forgy, Reinhaus & Forgy, $350.00; Now, therefore, said receiver is ordered and directed to release and restore and deliver possession of all property and assets taken into his possession or under his control as such receiver and as shown by his said account filed herein after deducting from the cash so held by him as such receiver the sum of $1250.00 as receiver's compensation, and after paying the additional sum of $350.00 to Forgy, Reinhaus & Forgy, as attorney's fees of said receiver allowed herein. And it is further ordered that the receipt of the said Leonard Evans as such attorney for the said People's Finance & Thrift Company of Northern Orange County shall be sufficient acquittance and discharge of said receiver.''

On the same day the receiver delivered the property to Leonard Evans as attorney for the People's Finance & Thrift Company, who gave him the following receipt: ''Received of Byron V. Curry as receiver appointed by the Court in the above entitled matter, the sum of $10,977.95 evidenced by checks on the receiver's accounts, and in addition thereto physical assets which are mentioned and referred to in the receiver's report and account filed herein, which are listed in books of account and other lists delivered to the undersigned by said receiver.''

A number of interesting questions are presented in this proceeding, some of which do not seem to have been definitely decided by the courts of California.

It is the contention of petitioners that the filing of the *supersedeas* bond effectually stayed the proceedings in the court below and that it had no jurisdiction to enter the order made by it on September 24, 1931.

The first question presenting itself is whether or not the *supersedeas* bond of the People's Finance and Thrift Company stayed the order appointing the receiver and suspended his powers in so far as the property of the Highland Securities Company was concerned. This company having failed to file any bond on appeal, the following authorities require us to answer this question in the negative:

*Zane* v. *de Onativia,* 135 Cal. 440 [67 Pac. 685]; *Halsted* v. *First Sav. Bank,* 173 Cal. 605 [160 Pac. 1075]; *Bolles* v. *Hilton & Paley,* 101 Cal. App. 92 [281 Pac. 73]. As we have remarked before, we cannot determine what portion, if any, of the assets in the hands of the receiver belonged to the Highland Securities Company and what portion belonged to the People's Finance and Thrift Company. Even though we should agree with the contention of the People's Finance and Thrift Company that their stay bond on appeal suspended the jurisdiction of the court over the receivership proceedings against this corporation, we would be unable to determine what portion of the assets formerly held by the receiver belonged to this corporation to be returned, and what portion, if any, belonged to the Highland Securities Company to be retained by the receiver.

It has been repeatedly held that a receiver is an officer of the court and subject to its direction. In the case of *Meili* v. *Crane,* 102 Cal. App. 144 [282 Pac. 960, 961], the court, quoting from the case of *Atlantic Trust Co.* v. *Chapman,* 208 U. S. 360 [13 Ann. Cas. 1155, 52 L. Ed. 528, 28 Sup. Ct. Rep. 406, see, also, Rose's U. S. Notes], clearly defined the relation of a receiver to the court and the parties litigant as follows: " 'Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer or creature, the receiver. In *Booth* v. *Clark,* 17 How. (U. S.) 322, 331 (15 L. Ed. 164, 167, see, also, Rose's U. S. Notes), it was said: "A receiver is an indifferent person between parties, appointed by the court to receive the rents, issues, or profits of land, or other thing in question in this court, pending the suit, where it does not seem reasonable to the court that either party should do it. Wyatt, Practical Reg. 355. He is an officer of the court; his appointment is provisional. He is appointed in behalf of all parties, and not of the complainant or of the defendant only. He is appointed for the benefit of all parties who may establish rights in the cause. The money in his hands is *in custodia legis* for whoever can make out a title to it. *Delany* v. *Mansfield,* 1 Hogan (Ir.), 234. It is the court itself which has the care of the property in dispute. The receiver is but the creature of the court; he

has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court. *Verplanck* v. *Mercantile Ins. Co.*, 2 Paige (N. Y.), 452." In *Porter* v. *Sabin*, 149 U. S. 473, 479 (37 L. Ed. 815, 818, 13 Sup. Ct. Rep. 1008, 1010; see, also, Rose's U. S. Notes), the court said: "When a court exercising· jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate; the possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it." ' "

In the case of *Baughman* v. *Superior Court*, 72 Cal. 572 [14 Pac. 207], the Supreme Court had under consideration the duties of the court and the receiver where the receivership had been terminated by final judgment, and said: "Where a bill upon which the appointment of a receiver is made is afterward dismissed on demurrer, the duties of the receiver cease as between the parties to the action. And so where the defendant finally obtains judgment, the entry of judgment would seem to have the effect of terminating the receiver's functions, although plaintiff perfects his appeal to the appellate court. . But the abatement of the action, or entry of final judgment, does not discharge the receiver *ipso facto*. Although as between the parties his functions terminate with the determination of the suit he is still amenable to the court as its officer until he has complied with its direction as to the disposition of the funds he has received as receiver. And when the bill is dismissed on demurrer, it is the plain duty of the court to direct the receiver to restore the fund or property to the person from whom it was taken. (High on Receivers, 833; *Field* v. *Jones*, 11 Ga. 413; *Beverley* v. *Brooke*, 4 Gratt. (45 Va.) 220; *Ireland* v. *Nichols*, [40 How. Pr. (N. Y.) 85; S. C., 9 Abb. Pr. (N. S.) 71].) It would seem that where the decree in terms provided that one of the parties should take certain property from the receiver, the late receiver did not hold the property after decree as receiver, but as trustee of the party, although there had been no formal order of discharge. (*Very* v. *Watkins*, 23 How. (U. S.) 475 [16 L. Ed. 522, see, also, Rose's U. S. Notes].) It has been

said a receiver will be 'discharged' by a decree in the cause in which he is appointed, unless he is expressly continued. (Daniell on Chancery Practice, sec. 1601.) But the discharge spoken of evidently refers to the surcease of his functions as receiver proper, leaving on him the duty of properly accounting under the order of the court. But whether, when his office is not expressly continued by decree, he should afterward be called receiver or not, he is subject to the orders of the court with respect to the winding up of his affairs as receiver—as to accounting and application of funds. In these respects he continues liable until he is discharged of his responsibilities as trustee, and we see no impropriety in his being designated 'receiver' up to the date of such discharge." The cases of *Pacific Bank* v. *Madera Fruit & Land Co.*, 124 Cal. 525 [57 Pac. 462], *Ephraim* v. *Pacific Bank*, 136 Cal. 646 [69 Pac. 436], and *Havemeyer* v. *Superior Court*, 84 Cal. 327, at page 382 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121], further illustrate the rule laid down in the last quotation.

 Certainly the receiver upon being served with the demand to surrender the property in his possession to petitioners had a right to petition the respondent court for direction and advice. There was no order of court fixing the amount of the stay bond to be·given by the petitioners or either of them on appeal. This defect in the proceeding of itself was sufficient to justify the receiver in seeking the advice of the court before surrendering the assets in his possession. The court was acting within its jurisdiction in ordering the receiver to deliver to the proper owner assets within his possession belonging to it after his powers had been suspended by the giving of a good and sufficient stay bond on appeal. (*Jacobs* v. *Superior Court*, 133 Cal. 364 [85 Am. St. Rep. 204, 65 Pac. 826].)

 Petitioners cannot complain because the court ordered the property delivered to Leonard Evans, the attorney for the People's Finance and Thrift Company. In their demand for the return of this property which we have quoted, Mr. Evans was designated as one of the parties to whom delivery might be made. A corporation can only act by its officers or agents. We see no reason why the corporations could not designate one of the attorneys as the agent to receive this property and receipt for it. In any event the

petitioners, having specifically requested that this procedure be followed, cannot complain because the respondent court granted their request.

We may concede that the contention of petitioners that the balance of the order of the trial court, and particularly that portion fixing the compensation of the receiver and his attorneys and directing that the amounts be paid out of the properties of the petitioners was erroneous. (*Ephraim* v. *Pacific Bank, supra; West Riverside etc. Co.* v. *Rogers,* 16 Cal. App. 262 [116 Pac. 683]; *Grant* v. *Los Angeles & Pacific R. Co.,* 116 Cal. 71 [47 Pac. 872]; *Lewis* v. *Hall,* 38 Cal. App. 329 [176 Pac. 171].) However, such a concession on our part does not result in our being required to issue the writ sought by the petitioners.

The record before us discloses that as soon as the receiver was served with the demand to deliver the property in his possession to the petitioners (September 21, 1931), he immediately communicated with his attorneys and proceeded to prepare the report and account which was filed two days later. The account is voluminous and covers his actions as receiver for a period of two months. The receipts and expenditures alone contain more than five hundred separate items. Attorneys for petitioners stipulated that the petition and account might be heard on the following day after its filing. They were present in court and the record fails to disclose the slightest objection from them to the court's proceeding with the hearing. The record further discloses that after the hearing, Culbert L. Olson and Stanley Reinhaus collaborated in preparing the order of which petitioners now complain. After its preparation Mr. Olson and Leonard Evans took the order to the respondent judge and secured his signature thereto. Mr. Olson is now one of the attorneys for the petitioners who are seeking to have this court annul the very order which he assisted in preparing and to which he with Mr. Evans secured the signature of the respondent judge. These facts indicate that the order complained of was rendered by the trial court not only with the consent of the attorneys for petitioners but was secured by their active co-operation and upon their request. Under these circumstances the petitioners cannot attack a judgment to which they consented and which they procured. (14 Cal. Jur. 878, and cases cited.) Mr. Evans is not before this

court as one of the attorneys seeking to have this order annulled.

In the case of *McAneny* v. *Superior Court*, 150 Cal. 6 [87 Pac. 1020, 1021], the Supreme Court had under consideration the granting of a writ of prohibition to prevent further proceedings in the respondent court, after an appeal had been taken and a stay bond given in an action in which a receiver had been appointed. The court said: "A writ of prohibition will not be issued where there is a plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1103.) We have already seen that the proceeding to appoint a receiver was a step toward the enforcement of the alimony order appealed from, and that the effect of the stay-bond on the appeal was to stay all proceedings on the order, or in the enforcement thereof. The petitioner has therefore a speedy and adequate remedy, by means of a motion in this court, in the matter of the appeal, for a writ of *supersedeas* to stay the hand of the court below in any proceeding to enforce the order, whether judicial or ministerial. . . . In the case of *State Inv. & Ins. Co.* v. *Superior Court*, 101 Cal. 150 [35 Pac. 549], and in other cases where prohibition has been entertained at the instance of a party to the appeal, the existence of the remedy by writ of *supersedeas* does not appear to have been called to the attention of the court, and the effect of such remedy has not been discussed in the opinion. . . . Another objection to the sufficiency of the case made by the petitioner is that it does not appear that the objection to the jurisdiction of the court was ever brought to the attention of the superior court and an opportunity given to that court to recede from its position, a step which is usually a condition precedent to the right to a writ of prohibition in this court."

The cases of *Rogers* v. *Superior Court*, 158 Cal. 467 [111 Pac. 357], *Daly* v. *Ruddell*, 129 Cal. 300 [61 Pac. 1080], *Welch* v. *Reese*, 82 Cal. App. 27 [255 Pac. 250], and *Bolles* v. *Hilton & Paley*, *supra*, support the rule announced in the McAneny case. We can see no difference in the principles governing the issuance of a writ of prohibition and a writ of review in cases of this kind. It is very generally held that under the provisions of sections 1068 and 1103 of the Code of Civil Procedure neither writs will be granted where there is a plain, speedy and adequate remedy at law. The

right to apply for a writ of *supersedeas* furnishes such a remedy here.

The writ of review is discharged.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 6, 1932, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 4, 1932.

Shenk, J., dissented.