[Civ. No. 7602. Second Appellate District, Division Two—April 1, 1933.]

W. D. V. SMITH et al., Appellants, v. L. E. TRISTAM, Respondent.

Norris Montgomery for Appellants.

Blackstock & Rogers and Merle J. Rogers for Respondent.

WORKS, P. J.—In this action judgment went for defendant and plaintiffs appeal.

The action is one to compel specific performance of a contract for the purchase of real property. It being an action in equity, respondent contends that this court has not jurisdiction of the appeal, which was directly prosecuted to it, the Constitution requiring that appeals in equity cases be taken directly to the Supreme Court. Through inadvertence a transfer of the case was not made to the Supreme Court at the time when the transcript of the clerk of the trial court was filed with the clerk of this court. Since the briefs were filed a transfer to the higher tribunal has been made and a retransfer to this court has been ordered by it. The action is therefore now properly before us for decision under the Constitution.

We have already stated that this is a suit in equity for specific performance, but a direct issue upon that question is presented in the briefs. Appellants, the vendors, contend that the action is one at law for the mere recovery of money. The complaint alleges the making of the agreement between the parties, the deposit with an escrow-holder of certain escrow instructions concerning the proposed deal and the acceptance thereof by respondent, the tender by appellants to respondent of "a good and sufficient deed" which respondent refused to accept, that appellants had performed all the terms of the contract by them agreed to be performed, that they then demanded payment of the purchase price from respondent but that he refused and still refuses to pay, that "the agreements hereinabove alleged to have been made by and between plaintiffs and defendant at all times have been fair and equitable and the land in said agreements agreed to be conveyed at all times has been and

now is a fair and adequate and equivalent consideration and value for the purchase price in said agreements provided to be paid therefor, and said agreements at all times as to the defendant have been and now continue to be just, reasonable, fair and equitable agreements; that defendant above named is able to keep, fulfill and perform all of the terms, covenants and conditions of said agreements on his part to be kept, fulfilled and performed, that there is no adequate remedy to plaintiffs in this matter except relief by way of this court specifically enforcing the terms, covenants and conditions of the agreements hereinabove alleged to have been made and entered into by and between defendant and plaintiffs; that plaintiffs were . . . and now .are ready, able and willing to keep, fulfill and perform all of the covenants and conditions of the said agreements made and entered into by and between defendant and plaintiffs and do hereby offer to keep, fulfill and perform under said agreements upon defendant's likewise keeping, fulfilling and performing the terms, covenants and conditions of said agreements on defendant's part to be kept, fulfilled and performed." The prayer contained no demand for a money judgment, but asked that the court "order the defendant to pay to plaintiffs" a certain sum "upon delivery by plaintiffs of a deed of good and sufficient form conveying title", etc., together with interest and costs of suit, and that plaintiffs have "such other and further relief as to the above entitled court may seem fit and proper."

By his answer to the complaint respondent "denies that said plaintiffs have performed all of the conditions of said agreements, or of any written agreement on their part to be performed; and denies that the written agreements mentioned in said . . . complaint, or either thereof, at all times have been or ever were or are now fair or equitable; and denies that the land described in said agreements or either thereof or in said . . . complaint was or is a fair or equitable or adequate or equivalent consideration or value for the purchase price stated in said agreements or either thereof; and denies that said agreements are or either of them is or was at any time as to the defendant a just or reasonable or fair or equitable agreement or agreements . . . " The answer also "denies that the real property described in said agreements or either thereof is a fair or reasonable or

adequate consideration for the purchase price stated in said agreements or either thereof, and on the contrary alleges the fact to be that said real property had at the time said agreements were made and now has a value not greater than [a certain sum]; and alleges that said agreements are not, and each of them is not, as to defendant fair or equitable or just.''

Under the issues tendered by the complaint and accepted by the answer, and under the allegations of new matter contained in the latter pleading, it is too plain for argument that the trial court was required to exercise its functions as a court of equity. The matters pleaded were utterly beyond the cognizance of a court of law. Cases like *O'Gorman* v. *Wachter*, 71 Cal. App. 268 [235 Pac. 57], and *Work* v. *Associated Almond Growers*, 76 Cal. App. 709 [245 Pac. 790], have no bearing upon the question here presented.

There are several points made by respondent which show that appellants cannot recover, but we need not notice them all. No contract may be the basis of an action for specific performance unless there be under it a mutuality of remedy between the parties and unless it be certain in its terms. These propositions are so well understood that it is unnecessary to cite authority in support of either of them. The escrow instructions lodged by respondent in the present case, which are alleged in the complaint to have been ''accepted by the plaintiffs herein'', are referred to in the complaint and attached thereto as an exhibit. The real property described in the instructions consisted of twenty-four town lots. The paper contained the following language: ''The buyer and seller agree that the purchase price shall be $225.00 per lot on all or any portion of the above described lots, payable in cash.'' This sentence certainly rendered the contract uncertain. Clearly, also, there could be no mutuality of remedy under it, regarding it from the standpoint of the parties on each side. Suppose the sellers desired to convey all the lots but the buyer desired only one of them, or suppose the direct contrary, that the buyer desired all but the sellers insisted on clinging to all but one. What would be the result? In short, how could a court of equity determine the number of lots which were to be bought and sold under the contract? The agreement was not susceptible of specific performance.

■ Appellants object that this point is made for the first time on appeal, but it could properly have been presented at any time, as the defect appeared on the face of the complaint. Further, it is not now first presented. One of the paragraphs of the answer alleged that the complaint failed to state a cause of action. This was in effect a general demurrer.

Judgment affirmed.

Stephens, J., and Craig, J., concurred.