[Civ. No. 10175.  Second Appellate District, Division Two.—February 8, 1935.]

IVA GILBERTSON FOSTER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Walter F. Haas, Stanley F. Maurseth and G. E. Kerrin for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, Gurney E. Newlin and Michael G. Luddy for Respondents.

STEPHENS, P. J. — Upon petition of Iva Gilbertson Foster, we issued the alternative writ of prohibition.

The facts out of which this proceeding arises are briefly as follows: Whitney Foster is the adopted son of John Morrell Foster and Iva Gilbertson Foster, who were husband and wife at the time of the adoption but have since been divorced by the South Dakota courts. In the decree of divorce, the said son's custody was awarded to each of the parties but at fixed and different times of the year. While in the custody of Mrs. Foster, the child was brought to California and Mrs. Foster instituted proceedings in the California courts for the purpose of securing to herself the sole custody, care and possession of the son. Mr. Foster resisted the claims and demands of Mrs. Foster in the proceedings and himself, by cross-action asked for the sole custody of the son. At the conclusion of the trial of such proceeding, and after the judge presiding had indicated his conclusions in a written memorandum of opinion, which were favorable to Mr. Foster and unfavorable to Mrs. Foster, and prior to the signing of findings of fact and conclusions of law, and before the signing or entry of any judgment, attorneys for Mr. Foster presented a proposed order to the court. The effect of this order when signed would be to change the custody and possession of the said son from the foster mother to the foster father during the pendency of any appeal from the judgment in the case just tried unless a higher California court should command differently. Petitioner alleges that such court will sign said proposed order unless prevented by this court.

In addition to filing an answer, the respondent court has demurred to the petition on the ground that the subject-matter was within the jurisdiction of the trial court and was subject to the discretion of such trial court and that, therefore, this court cannot interfere with its writ of prohibition.

It also demurs upon the ground that it is the fixed policy and practice of the reviewing courts of this state that the Supreme Court should not entertain a petition for a writ affecting a pending proceeding which is appealable

directly to the District Court of Appeal and that the District Court of Appeal should observe the same rule where the appeal would be directly to the Supreme Court.

We think there is no escape from the latter contention. (*Collins* v. *Superior Court,* 147 Cal. 264 [81 Pac. 509]; *Gunder* v. *Superior Court,* 100 Cal. App. 334 [279 Pac. 822]; *Los Feliz Investment Co.* v. *Superior Court,* ▮(Cal. App.), 35 Pac. (2d) 131.)

The proceeding in the trial court out of which this proceeding arose was equitable and all equity cases must be appealed directly to the Supreme Court. The Court of Appeal can only gain jurisdiction of such cases or proceedings through the discretionary action of the Supreme Court. (Art. VI, sec. 4, Constitution of California.)

▮ It may be that this objection to our taking jurisdiction does not fall within the statutory demurrer, but now that it has been called to our attention, we do not feel at liberty to ignore it.

The writ issued is withdrawn and dismissed and the proceedings are quashed. (*Fink* v. *Superior Court,* 105 Cal. App. 540 [288 Pac. 124].)

Crail, J., and Willis, J., *pro tem.,* concurred.