[Civ. No. 1553.   Fourth Appellate District.—February 27, 1935.]

BERN OIL CO., LTD. (a Corporation), et al., Petitioners, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

Hy Schwartz and J. R. Dorsey for Petitioners.

Borton & Petrini for Respondents.

JENNINGS, J.—This is a proceeding in *certiorari* whereby petitioners seek to annul a judgment of the respondent court adjudging them guilty of contempt in having disobeyed a prior order of said court. The prior order which it was adjudged petitioners had violated was one that was issued in an action wherein these petitioners were defendants. The order thus made granted injunctive relief pending a trial of the cause on its merits in accordance with the prayer of the complaint in said action. These petitioners appealed

from the order and the appeal thus taken is now pending. Subsequent to the taking of the appeal contempt proceedings were instituted which resulted in the rendition of the judgment which is here sought to be annulled.

It is obvious that the action in which the order which petitioners were adjudged to have disobeyed was made, was equitable in character. An appeal therefrom lay within the exclusive appellate jurisdiction of the Supreme Court (Const. of California, art. VI, sec. 4). The attack which is here presented upon the judgment of contempt is based on the familiar contention that the respondent court exceeded its jurisdiction in entering the judgment. Proper consideration of this contention will require careful analysis of the nature and character of the injunction granted by the order from which an appeal has been taken. In this study it is our opinion that the circumstances which surrounded the granting of the injunction are necessarily involved. Since the appeal which has been taken from the order of injunction lies within the exclusive appellate jurisdiction of the Supreme Court and, as a matter of fact, the appeal is now pending before that court, it is our conclusion, that although this court has jurisdiction to review the proceedings which resulted in the entry of the judgment of contempt, it should not, under the above-mentioned circumstances do so (*Collins* v. *Superior Court,* 147 Cal. 264 [81 Pac. 509]; *Favorite* v. *Superior Court,* 181 Cal. 261 [184 Pac. 15, 8 A. L. R. 290]; *Estate of Turner,* 39 Cal. App. 56 [177 Pac. 854]; *Gunder* v. *Superior Court,* 100 Cal. App. 334 [279 Pac. 822]).

The writ heretofore granted is therefore discharged.

Barnard, P. J., and Marks, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1935.