[Civ. No. 6799. Third Dist. May 4, 1942.]

RAYMOND J. WAIDLEY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Busick & Busick for Petitioner.

N. E. Youngblood for Respondent.

STEEL, J. pro tem.—This is an application for a writ of prohibition, the object of which is to prohibit the Superior Court of Los Angeles County from taking further proceeding in the matter of the estate of Virginia Dodds, deceased, also known as Virginia Dodds Waidley, pending an appeal to the Supreme Court from an order of the respondent court appointing a general administrator of said estate.

From the record it appears that petitioner herein, Raymond J. Waidley, is a resident of Sacramento County, and is alleged to be the surviving husband of the above-named decedent who, it is alleged, was at the date of her death a resident of Sacramento County and left estate therein; that in September, 1941, petitioner was appointed special administrator of the estate of said decedent by order of the Superior Court of Sacramento County, and ever since has been and still is acting as such; that thereafter Orba L. Dodds (also claiming to be the surviving husband of said decedent) filed a petition for general letters of administration in the Superior Court of Los Angeles County which came on for hearing on the sixth day of January, 1942, at which time it appears the court determined that a Nevada divorce decree granted to decedent from said Orba L. Dodds was invalid and thereupon made its order, over the opposition of the petitioner herein, appointing said Orba L. Dodds as general administrator of said estate; that on the tenth day of January, 1942, petitioner herein filed his notice of appeal to the Supreme Court from the order so made; that letters of administration were issued on the 20th day of January, 1942, and thereafter upon application of Orba L. Dodds a citation was issued out of said court directing petitioner herein to show cause why he should not deliver all the assets of said estate over to the general administrator and forthwith file his report and account as special administrator. Upon the return date petitioner herein appeared by his counsel and objected to respondent court

proceeding with the hearing of said citation or making any order directing petitioner to deliver said assets or to file his report and account as special administrator; that respondent court thereupon ordered a bench warrant to issue for the arrest of petitioner for contempt of court in failing to appear personally before said court, the service of which was ordered withheld, pursuant to stipulation, until March 4, 1942, to which time the hearing on the order to show cause was continued. In the meantime the instant proceeding was instituted and an alternative writ was issued. Upon the return the respondent court and Orba L. Dodds, as the real party in interest, appeared separately and specially by demurrer and also by answer.

Several points are raised and argued in the briefs, among them that this court is without jurisdiction to issue the writ asked for by reason of the fact that the respondent superior court is situate outside this district; that the appeal taken from the order appointing the general administrator was premature in that the findings and judgment were not signed until January 19, 1942, and were entered January 22, 1942, while the notice of appeal was filed January 10, 1942; and also that respondent Orba L. Dodds, the real party in interest, was not served with a copy of the application for the writ herein, as provided in section 1107 of the Code of Civil Procedure.

■ Without passing upon any of the questions so presented we are of the opinion that as a matter of policy and not of jurisdiction, this court should not entertain this petition for the reason that it arose out of a proceeding in the trial court, equitable in nature, of which the Supreme Court has original appellate jurisdiction. ■ Moreover it appears that an appeal is now pending in the latter court from the order complained of, and it has long been the established policy and practice of the appellate courts of this state not to issue a writ affecting a proceeding which is pending on appeal in another court or which is originally appealable to such other appellate tribunal. (*Foster* v. *Superior Court,* 4 Cal. App. (2d) 466 [41 P. (2d) 187] ; *Estate of Turner,* 39 Cal. App. 56 [177 Pac. 854] ; *Collins* v. *Superior Court,* 147 Cal. 264 [81 Pac. 509].)

In *Gunder* v. *Superior Court,* 100 Cal. App. 334 [279 Pac. 822], which is somewhat similar to the instant proceeding, and

in which a hearing was denied in the Supreme Court, it is stated in denying the writ as follows:

"That the proceeding in the superior court was of an equitable nature is not doubted. It lay within the exclusive appellate jurisdiction of the Supreme Court. (Const., art. VI, sec. 4.) Unquestionably this court has jurisdiction, but as a matter of practice and policy where cases were in the superior court, both the Supreme and District Courts have refused to take jurisdiction when the case involved was one originally appealable to the other court. (*Favorite* v. *Superior Court,* 181 Cal. 263 [8 A. L. R. 290, 184 Pac. 15] ; *Collins* v. *Superior Court,* 147 Cal. 264 [81 Pac. 509] ; *Estate of Turner,* 39 Cal. App. 56 [177 Pac. 854].) If policy indicated this course where no appeal had yet been taken, it seems clear that the reasons therefor apply even more strongly where, as in this instance, an appeal has been taken to the court having original appellate jurisdiction. Should this petition be granted, questions involved in the appeal to the Supreme Court now pending would necessarily be determined by this court."

The application for a peremptory writ of prohibition is denied and the proceeding is dismissed.

Thompson, Acting P. J., and Tuttle, J., concurred.