[Civ. No. 14031. Second Dist., Div. Three. June 28, 1943.]

NAOMI MOON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

448

Arthur A. Jones for Petitioner.

Clarence Hansen for Respondent.

SHAW, J. pro tem.—This is a proceeding in prohibition. It appears from the petition that in an action for divorce between the petitioner herein, Naomi Moon, and her husband, Charles Moon, the court made its interlocutory judgment of divorce, in which it awarded the custody of the minor child of the parties to said Naomi Moon, who was the plaintiff in that action. Thereafter, on December 18, 1942, upon the application of Charles Moon, the court made an order in the divorce action changing the custody of the child and awarding it to Charles Moon. On January 5, 1943, Naomi Moon took an appeal from the last mentioned order, and that appeal is still pending. On January 6, 1943, the same court made an ex parte order purporting to stay the enforcement, pending said

appeal, of the order of December 18, 1942, changing the custody of the child. Later the court ordered Naomi Moon to appear on January 19, 1943, at a hearing for the purpose of considering whether this stay should be continued in force pending the appeal, and at the conclusion of that hearing on January 19th the court ordered her to deliver the child to Charles Moon by 5 p. m. of that day. The writ of prohibition is asked here to prevent further proceedings for the enforcement of the last mentioned order as well as that of December 18.

■ The respondents here contend that this court should not entertain or consider the matter because the appeal from the order of December 18, 1943, was not taken to this court but to the Supreme Court, where, under the Constitution, jurisdiction of such an appeal was vested, citing *Foster* v. *Superior Court*, (1935) 4 Cal.App.2d 466 [41 P.2d 187], and *Gunder* v. *Superior Court*, (1929) 100 Cal.App. 334 [279 P. 822]. Those cases do declare that a District Court of Appeal should not entertain a petition for a writ affecting a pending proceeding which is appealable directly to the Supreme Court, and there are other cases to the same effect. *(Waidley* v. *Superior Court*, (1942) 51 Cal.App.2d 690 [125 P.2d 507] and cases cited.) This rule appears to be one of comity rather than of jurisdiction; and any effect that it might have here is dispelled by the fact that since the point was raised this proceeding has been transferred to the Supreme Court and retransferred to this court by the Supreme Court. *(Smith* v. *Tristam,* (1933) 130 Cal.App. 750, 751 [20 P.2d. 770].)

■ Manifestly, what the petitioner seeks here is a stay of proceedings on the orders of December 18 and January 19 until her appeal from the order of December 18 has been determined. Her appeal of its own force effected a stay of proceedings to enforce the order of December 18, subject to the power of the trial court, in its discretion, to require an undertaking from appellant to make the stay operative. (Code Civ. Proc., sec. 949; *Smith* v. *Smith,* (1941) 18 Cal.2d 462, 465 [116 P.2d 3]; *Foster* v. *Foster,* (1936) 5 Cal.2d 669, 672 [55 P.2d 1175]; *Vosburg* v. *Vosburg,* (1902) 137 Cal. 493, 495 [70 P. 473].) ■ If the trial court should, contrary to this statutory stay, undertake to enforce its order while the appeal is pending, the court in which the appeal is pending may, in the course of the proceedings on the appeal, grant a writ of

supersedeas to prevent such enforcement. *(Smith v. Smith, supra; Southern Pac. Co. v. Superior Court,* (1914) 167 Cal. 250, 252 [139 P. 69] ; *Hubbard v. University Bank,* (1898) 120 Cal. 632 [52 P. 1070].) The order of January 19 appears to be such an act by the trial court and would afford a ground for the issuance of a supersedeas. (*Smith v. Smith, supra.*)

■ The writ of prohibition will not be issued where there is a plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1103; *McAneny v. Superior Court,* (1906) 150 Cal. 6, 9 [87 P. 1020] ; *Glasser v. Municipal Court,* (1938) 27 Cal.App.2d 455 [81 P.2d 260] ; *Highland Securities Co. v. Superior Court,* (1931) 119 Cal.App. 107, 116 [6 P.2d 116] ; *Lightner Mining Co. v. Superior Court,* (1910) 14 Cal.App. 642, 649 [112 P. 909].) An appeal, at least in a case where a writ of supersedeas may be obtained to prevent the doing of the acts against which the writ of prohibition is sought, is such a remedy. *(McAneny v. Superior Court, supra; Highland Securities Co. v. Superior Court, supra; Glasser v. Municipal Court, supra; Lightner Mining Co. v. Superior Court, supra.)*

A supplemental petition has been filed herein, alleging that on January 25, 1943, the trial court, purporting to act under section 949, Code of Civil Procedure, made a further order requiring the petitioner here to give an undertaking in the sum of $100, and that said order is contrary to the alternative writ already issued in the present proceeding. Questions may also arise whether the order of January 6 staying enforcement of the order of December 18, without requiring any undertaking, constituted a determination that no undertaking was necessary, and if so, whether the trial court could change its determination in this respect. (See *Hubbard v. University Bank, supra,* 120 Cal. 632.) All of these matters can be decided upon a proper application for a writ of supersedeas, and hence we do not undertake to consider them now.

The alternative writ of prohibition is discharged and the peremptory writ is denied.

Shinn, Acting P. J., and Wood (Parker), J., concurred.