This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 32,175**

**SCOTT GOOLSBY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals from the district court's judgment and memorandum opinion affirming the sentencing order of the metropolitan court that convicted Defendant for first offense DWI. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a response to our notice, which we have duly considered. We are unpersuaded that the district court erred, and we affirm.

On appeal, Defendant argues that the officer arrested him for DWI without the requisite probable cause, because the officer did not have a reasonable belief that Defendant was impaired by alcohol based on his driving or performance on the field sobriety tests (FSTs) or any other evidence. [DS 7-8; MIO 1-7] Also, Defendant argues that the district court erred by denying his motion to suppress the testimony of Deputy Hartsock, the arresting officer, because the State lost the dashcam video recording of the officer's encounter with Defendant. [DS 7; MIO 1, 7-9] Defendant contends that the video was material and its loss prejudiced the defense, because the State's evidence was inconclusive and the video could have been used to impeach the officer's testimony about Defendant's performance on the FSTs. [DS 7; MIO 8]

**Probable Cause**

Defendant's response to our notice does not assert any new factual or legal arguments that persuade us that the officer lacked probable cause to arrest him.

Defendant continues to parse out the evidence and attack each of the officer's observations at each stage of the stop as not supporting probable cause. As our notice indicated, however, the probable cause standard requires an officer to view all the facts and circumstances to determine whether they are sufficient to warrant the belief that an offense has been or is being committed. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187. "An officer does not have to observe a suspect actually driving in an impaired manner if the officer, based upon all the facts and circumstances, has reasonable grounds to believe that [the driver] had been driving while intoxicated." *State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (internal quotation marks and citation omitted). "Our probable cause inquiry is whether it was objectively reasonable for the officer to believe that [the d]efendant had been driving while he was to the slightest degree impaired, that is, unable to exercise the clear judgment and steady hand necessary to handle a vehicle in a safe manner." *Granillo-Macias*, 2008-NMCA-021, ¶ 9 (internal quotation marks and citation omitted). "We judge reasonableness by an objective standard, mindful that probable cause requires more than a suspicion, but less than a certainty." *Sanchez*, 2001-NMCA-109, ¶ 11 (internal quotation marks and citation omitted). In reviewing the evidence supporting probable cause, "[e]ach case stands on its own facts; there is no one set of circumstances required for probable cause." *Id.* ¶ 12.

Defendant is correct that this case does not involve extreme evidence of intoxication. Each indicator was more subtle, but collectively they were not "inconclusive," as Defendant characterizes the State's evidence in the context of his argument about the missing video recording. [DS 8] Here, the officer observed that Defendant was speeding, took slightly longer than usual to stop once on the shoulder of the highway, he had bloodshot, watery eyes, smelled of alcohol, denied drinking alcohol, then admitted to drinking three and then four beers, passed over his insurance card twice while looking for it, swayed during the FSTs, and exhibited three clues in each test indicating impairment, where only two were needed. [RP 84; DS 5-6] We view the facts supporting probable cause in the light most favorable to the prevailing party, not the party challenging the ruling on appeal. *See State v. Lopez*, 2005-NMSC-018, ¶ 9, 138 N.M. 9, 116 P.3d 80 ("The standard of review for suppression rulings is whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." (internal quotation marks and citation omitted)). We do not reweigh the evidence or substitute our judgment for that of the fact finder, and therefore, we defer to the district court's factual determinations under our standard of review. *See State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993).

As we stated in our notice, under our case law and our standard of review, we

4

believe the officer had probable cause to arrest Defendant. *See, e.g.*, *Granillo-Macias*, 2008-NMCA-021, ¶ 12 (holding that the odor of alcohol, lack of balance at the vehicle, and failure to satisfactorily perform FSTs supported an objectively reasonable belief that the defendant had been driving while intoxicated, and thus constituted probable cause to arrest); *State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest for DWI when the officer noticed bloodshot, watery eyes, slurred speech, and a strong odor of alcohol, when the defendant admitted to having drunk two beers, swayed when he was talking to the officer, and failed the FSTs); *State v. Ruiz*, 120 N.M. 534, 535, 540, 903 P.2d 845, 846, 851 (Ct. App. 1995) (holding that probable cause existed where police observed the defendant speeding and weaving, where the defendant admitted to having been drinking, when the officer noticed bloodshot, watery eyes, slurred speech, and a smell of alcohol, and when the results of the FSTs were mixed), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894.

**Missing Evidence**

In response to the proposed analysis in our notice, Defendant does not assert new factual or legal arguments and continues to argue that the video recording of the stop and subsequent DWI investigation was highly relevant evidence and its omission prejudiced Defendant because the recording was his only hope of contradicting the

5

officer's testimony about signs of impairment. [MIO 8] Defendant likens the missing video recording to missing fingerprints. [Id.] While we agree with Defendant that the video recording has inherent materiality, it is diminished by the fact that Defendant was able to cross-examine the officer on the missing video, Defendant offered no evidence in his defense, made no showing that contradicted any aspect of the officer's testimony, and the evidence supporting his conviction for DWI was overwhelming. [RP 84-85, 87, 89; DS 5-6] Therefore, Defendant did not prove that admission of the video recording would have changed the result in the case and that its omission prejudiced Defendant. Defendant's assertion that it was Defendant's only hope to impeach the officer's testimony about his performance on the FSTs is merely an assertion, not a showing, of prejudice. [DS 8] *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We imagine that Defendant's assertion of prejudice, if it were to prevail, could require suppression of officer testimony for any missing video recording of a stop. A showing of materiality and prejudice, however, must be made under *State v. Chouinard*, 96 N.M. 658, 662, 634 P.2d 680, 684 (1981), and must be assessed on a case-by-case basis. *See State v. Duarte*, 2007-NMCA-012, ¶ 10, 140 N.M. 930, 149 P.3d 1027.

Based on the foregoing analysis of this case and that in our notice, we are not

persuaded that the district court abused its discretion in denying Defendant the sanctions he requested for the lost video. *See id.* ¶ 3 (noting that we review a district court's denial of a motion to suppress or dismiss the charges for lost evidence under the abuse of discretion standard).

For the reasons stated above and in our notice, we affirm the metropolitan court's sentencing order.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**